ALIDA, The, (SPENCER v.)
[See Spencer v. The Alida, Case No. 13,231.]

---

## Case No. 201a.

### In re An ALIEN.

[Betts' Scrap Bk. 101.]

District Court, S. D. New York.[1]

NATURALIZATION—RESIDENCE—ACTS OF 1802, 1813, AND 1824—MINORS.

[1. The naturalization act of April 14, 1802, § 1, (2 Stat. 153, c. 28,) required five years' residence in the United States. Act March 3, 1813, § 12, (2 Stat. 809, c. 42,) provided that an alien must have a residence of five years, without being for any part of that time out of the territory of the United States, in order to become entitled to naturalization. *Held* that, under the act of 1802, "residence" meant domicile, and that said act did not require that the alien remain constantly in this country for five years.]

---

[1][Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

1FED.CAS.—27

[2. Act May 26, 1824, (4 Stat. 69, c. 186,) provided that any free white alien, under 21 years of age, who shall have resided in the United States three years next preceding his arriving at the age of 21 years, and who shall have continued to reside therein until the time of making application to be admitted as a citizen, may be naturalized after arriving at the age of 21 years, and after he shall have resided in the United States five years, including the three years of his minority. *Held* that, so far as concerns minors, this repealed the act of 1813, and required merely a domicile in the United States under the prescribed conditions.]

[3. A person who serves an apprenticeship in the United States, and thereafter is in constant service as a sailor, and spends the short intervals between his voyages with his mother, who resides in the United States, is himself a resident of the United States, within the meaning of the act of May 26, 1824, (4 Stat. 69, c. 186,) and is entitled to naturalization.]

[In the matter of an application by an alien for a certificate of naturalization. Certificate granted.]

BETTS, District Judge. The applicant came to the United States in the year 1832, being then a minor. His surviving parent, his mother, still resides in this state, where he served his time as an apprentice, and he now makes his home with her, when not engaged in his present pursuit. For several years past he has been a sailor, being constantly engaged in that employment, except the short intervals between ending one voyage and going out upon another. These periods are passed at the house of his mother, he having no family of his own.

Two questions are presented by these facts: First, whether the act of 1813, March 3, § 12, [entitled "An act for the regulation of seamen," (2 Stat. 809, c. 42,)] applies to this case, and, if it does not, whether the residence of the applicant has been such as to satisfy the existing laws on the subject. The act of [April 14,] 1802, § 1, [2 Stat. 153, c. 28,] required a residence within the United States of five years. Residence, in its legal acceptation, is the place of a party's home or domicile, and not merely the spot occupied by him for the time being. This may be constantly varying; but every change of abode is not regarded as constituting a new residence, without the accompaniment of an intention to abandon the former for the purpose of taking up another. The act of 1802 therefore could not prevent an alien who had come into the United States, and acquired a domicile there, with intent to make it his permanent home, from obtaining his naturalization, although he had not stayed uninterruptedly in the country the full period of five years.

The act of March 3, 1813, § 12, confirms this construction of the previous laws, by declaring that, after the war, aliens coming to this country shall reside therein five years without being at any time during that period out of the territory of the United States, in order to be entitled to the privilege of naturalization. Congress very distinctly signifies that such uninterrupted continuance was not required to constitute the residence demanded by the laws before in force.

On the 26th of May, [1824,] it was enacted [4 Stat. 69, c. 186] that any alien, being a free white person and a minor under the age of 21 years, who shall have resided in the United States three years next preceding his arriving at the age of twenty-one years, and who shall have continued to reside therein to the time he may make application to be admitted as a citizen thereof, may, after he arrives at the age of 21 years, and after he shall have resided five years within the United States, including the three years of his minority, be admitted a citizen, &c. Section 1. Congress in this act reverts again to the use of the term of residence in its general sense, without the specification of a restriction as to the mode of its exercise or enjoyment. It is to be a residence of a continuous character; but absence from a domicile in the regular prosecution of a man's vocation or business does not divest his residence, and is entirely compatible with the demand of this section, because a residence, when obtained, in judgment of law continues to the party until a new one is acquired by him. The act of 1824, therefore, by re-enacting in respect to minors the provisions of the act of 1802 regarding residence, by implication of law dispenses with and supercedes the restrictions of the act of 1813 in that behalf. This case is, therefore, to be considered as if the act of 1813, in its application to minors, had been expressly repealed by the posterior act of 1824, and the applicant is accordingly entitled to his certificate of naturalization upon these proofs, under the act of 1802.