In re SCHNEIDER.

(Circuit Court, S. D. New York. October 2, 1908.)

1. ALIENS—NATURALIZATION—"RESIDED CONTINUOUSLY."

In Naturalization Act June 29, 1906, c. 3592, § 4, subd. 4, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 422), which requires the court, before admitting an alien to citizenship, to be satisfied that he has "'resided continuously' within the United States five years at least, and within the state or territory where the court is held one year at least," before his application, the word "continuously" is not used literally, as requiring the applicant to remain at all times physically within such jurisdictions, but applies to changes of domicile only; and a sailor, by going to sea, does not abandon his residence.

[Ed. Note.—Citizenship under state and federal laws, see note to City of Minneapolis v. Reum, 6 C. C. A. 37.]

2. SAME—WITNESSES—KNOWLEDGE OF RESIDENCE.

The knowledge of witnesses, who testify that an applicant for naturalization has been a resident of the United States and of the state for the length of time required by the statute, need only be such as is compatible with the applicant's employment; and, in case of a person who has been for a portion of the time in the navy, their testimony that he resided in a certain place before his enlistment, and returned there from time to time at the termination of his voyages and after his discharge, is sufficient.

Petition for Naturalization.

Max Schneider, in pro. per.

Henry L. Stimson, U. S. Atty.

WARD, Circuit Judge. The applicant arrived from Liverpool in the port of New York on or about November 1, 1902, and took up his

residence here. Subsequently he enlisted in the navy on board the United States ship Wasp, and while on board the Wasp took out his first papers December 26, 1905. He filed his petition for a certificate of citizenship June 3, 1908, which came on for final hearing October 1, 1908. He produced an honorable discharge for four years' service on the Wasp.

The applicant's mother is a servant in the house of one of the witnesses, who swears that he knew him from the day he landed; that after he enlisted in the navy he always came to see his mother when in port on shore leave, and constantly corresponded with her when at sea. The other witness testified that he knew the applicant for over five years, was with him when he took out his first papers, corresponded with him while in the navy, and saw him here several times when his vessel was in port.

Section 4, subd. 4, Act June 29, 1906, c. 3592, 34 Stat. 596 (U. S. Comp. St. Supp. 1907, p. 422), requires the court to be satisfied that the alien has resided continuously within the United States for at least five years, and within the state or territory where he applies for his certificate for one year, before the date of the filing of his petition, and that in addition to the oath of the applicant two citizen witnesses shall testify to the same things. A sailor, who has acquired a domicile, which is the sense in which the act uses the word "residence," does not abandon it by going to sea. This was the construction put upon a similar act (Act April 14, 1802, c. 28, § 1, 2 Stat. 153) in Re An Alien, Fed. Cas. No. 201a.

The word "continuously," which is not found in the act of 1802, cannot be construed literally; else a resident of New York would lose his right if he paid a visit to Europe at any time during the first four years of his residence, or spent a day in Jersey City within the year immediately preceding the day of filing his petition. The use of the word may be to prevent any intermediate change of domicile during the five years. If Congress had meant that the alien must remain actually within the territory of the United States uninterruptedly during the five years, it would have used language like that of Act March 3, 1813, c. 42, § 12, 2 Stat. 811:

"For the continued term of five years next preceding his admission as aforesaid have resided within the United States without being at any time during the said five years out of the territory of the United States."

The court is to be satisfied, not only by the testimony of the applicant, but by that of two witnesses in addition. It cannot be that the witnesses must see the applicant every day and every minute of every day for five years. Their knowledge must be appropriate to the applicant's employment. In the case of a sailor, if they know that he lived here before he went to sea, while at sea returned from time to time at the termination of his voyages, and corresponded with him, they know all that in the nature of his employment a sailor can supply.

I am satisfied in this case that the applicant did take up a domicile in the state of New York and resided there for five years before he filed his petition for a certificate of citizenship, and he is accordingly admitted.