## UNITED STATES v. ROCKTESCHELL.

(Circuit Court of Appeals, Ninth Circuit.    October 31, 1913.)

### No. 2,191.

1. ALIENS (§ 62*) — NATURALIZATION — RESIDENCE IN UNITED STATES — "RESIDED."

Rev. St. § 2170 (U. S. Comp. St. 1901, p. 1333), providing that an alien must have "resided" in the United States continuously for a period of five years to be entitled to admission as a citizen, does not require him to remain physically within the United States during all of that time; but it is sufficient if he has established a residence and at all times there-

after claims it, although he may at times, as when following the calling of a seaman, be temporarily out of the country.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 123–125; Dec. Dig. § 62.*

For other definitions, see Words and Phrases, vol. 7, pp. 6147–6150; vol. 8, p. 7787.]

2. ALIENS (§ 71½ New, vol. 7 Key-No. Series)—NATURALIZATION—SUIT FOR CANCELLATION OF CERTIFICATE—PETITION.

Whether an applicant for admission to citizenship has been a resident of the United States continuously for the preceding five years is within reasonable limits a question of fact, and a petition for cancellation of a certificate of citizenship under Act June 29, 1906, c. 3592, § 15, 34 Stat. 601 (U. S. Comp. St. Supp. 1911, p. 537), on the ground of want of such previous residence, must show either fraud or that the evidence before the court which granted the certificate was insufficient to warrant the finding of residence.

3. WORDS AND PHRASES—"RESIDE."

It is familiar knowledge that the word "reside" is capable of different meanings, and when employed in a statute must be construed in the light of the context and the purpose of such statute. Generally, however, it signifies nothing more or less than domicile.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, pp. 6147–6150; vol. 8, p. 7787.]

Appeal from the District Court of the United States for the Northern District of California; Robert S. Bean, Judge.

Proceeding by the United States, under Naturalization Act June 29, 1906, c. 3592, § 15, 34 Stat. 601 (U. S. Comp. St. Supp. 1911, p. 537), for the cancellation of a certificate of citizenship issued to Rudolph Henry Rockteschell. Petition dismissed on demurrer, and petitioner appeals. Affirmed.

John L. McNab, U. S. Atty., of San Francisco, Cal.

H. C. Lucas, of Oakland, Cal., and W. F. Sullivan, of San Francisco, Cal., for appellee.

Before GILBERT, Circuit Judge, and WOLVERTON and DIETRICH, District Judges.

DIETRICH, District Judge. By this proceeding the government seeks a decree setting aside a certificate of naturalization issued to the respondent out of the United States Circuit Court for the District of Massachusetts on the 26th day of June, 1906. The ground relied upon is that, at the time the order of admission was made, the respondent had not resided in the United States continuously for the period of five years. In general terms the petition sets forth that, at the hearing of his application for naturalization, contrary to the fact, he represented that he had been in the United States for more than five years, and there is attached to the petition, as an exhibit, an affidavit made by a special agent, setting forth in detail what are claimed to be the facts touching the actual presence of the respondent in the United States, from 1894, the time when he first came to this country, up to the date of his admission. From this affidavit it appears that he is a seaman, and that during most of the time since he reached the

age of majority he has followed that calling for a livelihood. It is conceded that he was physically present in the United States continuously from 1894 to 1897, but it is averred that subsequent to that time he has been here only at irregular intervals, and for comparatively short periods of time. There is, however, no contention that since his first arrival, in 1894, he ever claimed a residence or a home, or in fact resided, in any other country.

In the lower court a demurrer, calling into question the sufficiency of the petition, having been sustained, the petition was dismissed, and the appeal is from the judgment of dismissal. Here the cause was submitted without oral argument, with the privilege of filing printed briefs; but, although the time therefor has long since expired, no briefs have been presented. We can therefore only conjecture the precise nature of the government's contention.

[1] As a condition precedent to the right of the respondent to naturalization, it was doubtless necessary for him to show continuous residence in the United States for the period of at least five years; but it is not thought that this requirement is equivalent to, or necessarily implies, continuous physical presence. The certificate of naturalization having been issued three days before the act of June 29, 1906, went into effect, the case is controlled by the provisions of the Revised Statutes, which, however, in so far as they concern the present question, are not materially different from those of the later act. Section 2170 of the Revised Statutes (U. S. Comp. St. 1901, p. 1333) is as follows:

"No alien shall be admitted to become a citizen who has not, for the continued term of five years next preceding his admission, resided within the United States."

[3] It is familiar knowledge that the word "reside" is capable of different meanings, and when employed in a statute must be construed in the light of the context and the purpose of such statute; generally, however, it signifies nothing more or less than domicile. Some light is thrown upon the intent of Congress by the history of the statute. As originally enacted April 14, 1802 (2 Stat. 153, c. 28), the requirement was simply of five years' residence in the United States, and as then construed the term "residence" meant "domicile." In re an Alien, Fed. Cas. No. 201a. By the amendment of March 3, 1813 (2 Stat. 811, c. 42), the section was made to read as follows:

"No person who shall arrive in the United States, from and after the time when this act shall take effect, shall be admitted to become a citizen of the United States, who shall not for the continued term of five years next preceding his admission as aforesaid have resided within the United States, without being at any time during the said five years, out of the territory of the United States."

Through the change thus wrought Congress very clearly evinced its intention of requiring continuous physical presence. But, upon the other hand, the fact that in the revision the clause, "without being at any time during the said five years out of the territory of the United States," was omitted, would seem to indicate a purpose again to abandon this requirement. It has been held that under the present law

continuity of physical presence is not required. In re Schneider (C. C.) 164 Fed. 335; United States v. Cantini (D. C.) 199 Fed. 857. This we believe to be a correct interpretation both of the new law and of section 2170 of the Revised Statutes. To establish a residence there must doubtless be a concurrence of act and intent; but, when once established, temporary absences from time to time, unaccompanied by an intent to abandon or change the residence, do not operate to interrupt the continuity thereof. There is nothing in the naturalization act, other than the phrase itself, "has resided continuously within the United States," to indicate a purpose upon the part of Congress to require continuous physical presence, and in the practical administration of the law such a construction would entail consequences harsh in the extreme. Within reasonable limits, therefore, it is a question of fact, to be determined in the light of all the attendant circumstances of each particular case, whether the continuity of residence has been broken by temporary absences.

[2] In the present case it must be presumed that there were before the Massachusetts court sufficient facts to warrant the findings. The petition here does not put in issue the correctness of that court's conclusion upon the evidence before it, nor are we advised of the precise nature and extent of the showing upon which the findings were based. Directly it is stated only that:

"The said order and certificate of citizenship was procured from said court upon the representation that said respondent had resided within the United States for the continued term of at least five years immediately preceding the date of his application for citizenship in said court as aforesaid, and continuously since prior to his arriving at the age of eighteen years; whereas in truth and in fact respondent had not resided continuously in the United States for five years, nor continuously since prior to his arriving at the age of eighteen years, but had resided in the United States at the times and in the manner as set forth in the affidavit attached to this petition, and marked 'Exhibit A,' which is hereby referred to and made a part hereof."

But this general averment, involving, as it does, possible inferences of law as well as general conclusions of fact, is insufficient as a charge of perjured testimony or of other fraud. The controlling question is whether the respondent misrepresented or willfully withheld from the court any of the concrete, probative facts. He might very well have fully and fairly disclosed every fact set forth in the special agent's affidavit attached to the petition, and yet at the same time in good faith have represented to and urged upon the court that he had resided in the United States continuously for five years. To be sufficient, the petition must, in harmony with the general rule of pleading fraud, point out specifically in what particular respect the representations were false. This the petitioner has failed to do. Nor do the facts set up in the affidavit necessarily negative the respondent's right to admission. Standing alone and unexplained, it is true, they raise a very substantial doubt of his right; but in the light of other circumstances and details which may have been before the court, and which may have illuminated his motive and intent, that doubt may have been readily dissipated. Besides, it is not for a court in a proceeding of this character to review or set aside findings of the court of original juris-

diction, based upon conflicting evidence, or upon evidence reasonably susceptible to different inferences. In the absence of fraud, it must appear that the issuance of the certificate was illegal—was in some substantial respect against the law. The correctness of a finding of fact, so long as the same is within the bounds of reason, involves no question of law, and cannot be reviewed or disturbed.

Inasmuch, therefore, as the petition does not allege that the respondent ·deceived the court of original jurisdiction by misrepresenting or withholding any concrete fact, and does not so far disclose the evidence before that court as to enable us to say as a matter of law that it was insufficient to warrant a finding of five years continuous residence, it is insufficient, and the judgment of dismissal was right, and must be affirmed.