<hr>

## In re COOK.

(District Court, D. New Jersey. February 14, 1917.)

1. ALIENS ⬤⚊62—NATURALIZATION—"RESIDED CONTINUOUSLY WITHIN THE UNITED STATES."

An alien who had been for several years employed on a pleasure yacht belonging to a citizen, and had been in the United States occasionally on the yacht prior to the outbreak of the war, but had never lived ashore in the United States, and had never brought his family to this country, and who had not been in the country during the last three years, except to file a petition for naturalization and to attend the hearing, has not "resided continuously within the United States" for five years, or within the state for one year, as required by Act June 29, 1906, c. 3592, 34 Stat. 596.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 324–327, 329–332, 340.

For other definitions, see Words and Phrases, First and Second Series, Resided Continuously.]

2. ALIENS ⬤⚊62—NATURALIZATION—CONTINUOUS RESIDENCE—TEMPORARY ABSENCE.

Merely temporary absence from the United States or a state within the period prescribed for continuous residence will not prevent an alien who has actually resided here from securing naturalization; but the absence in each case must be examined, to determine whether it has broken the continuity of the residence.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 324–327, 329–332, 340.]

Petition by James Cook for admission to United States citizenship. Petition dismissed.

<hr>

⬤⚊For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John M. Russell, of New York City, for petitioner.
Thomas B. Shoemaker, Chief Naturalization Examiner, of Washington, D. C., opposed.

HAIGHT, District Judge. The petitioner, who is a sailor and a native of Scotland, filed his declaration of intention to become a citizen of the United States on February 13, 1906. He was then, and for some time prior thereto had been, employed, as he has been since, on a yacht belonging to a citizen of the United States. On March 16, 1916, he filed his petition for naturalization.

[1] He first came to the United States in the year 1902 as an officer on the yacht before mentioned. When the latter was in New York Harbor, as it has been for a comparatively short part of nearly every year since then, except as hereinafter set forth, it was tied up to a dock in Hoboken, in this state. The petitioner has never lived ashore in this country. His family, consisting of a wife and five children, all of whom were born in Scotland, have never been in the United States. While, as before mentioned, he has been in American waters aboard the yacht for parts of each year from 1907 to 1913, inclusive, he was not here during the years 1914, 1915, and 1916, except when he came here expressly for the purpose of filing his petition for naturalization, after which he returned immediately to Scotland, and again when he came to attend the hearing upon his petition. At the outbreak of the present European war the yacht was taken possession of by the British government, and since that time the petitioner has been in Scotland, with the exception of the two trips to the United States before mentioned, taking care of certain fittings of the yacht, which were removed when she was chartered by the British government. As the vessel upon which the petitioner has served was in no sense a merchant vessel of the United States, but merely a private yacht, the petitioner does not come within the provisions of section 2174 of the Revised Statutes (Comp. St. 1913, § 4357). I am called upon to decide, therefore, whether, under the circumstances before detailed, the petitioner has, within the meaning of Act June 29, 1906 (34 Stat. 596), immediately preceding the date of his application, resided continuously within the United States for five years and within the state of New Jersey one year. I entertained no doubt at the hearing that the petitioner's alleged "residence" in either was not sufficient to entitle him to be admitted to citizenship, but at the urgent request of his attorney took the matter under advisement, for the purpose of examining certain cases which he desired to submit. I have since examined all of them, and my original opinion is in no respect shaken.

[2] It is unquestionably true, as I have never doubted, that a mere temporary absence from the United States, or a state, within the respective periods prescribed by the statute, will not prevent an alien, who has actually resided here, from securing naturalization; but the character and extent of the absence in each case must be examined, to determine whether the residence has been continuous, or the continuity thereof has been broken. United States v. Cantini, 212 Fed. 925, 129

C. C. A. 445 (C. C. A. 3d Cir.); United States v. Rockteschell, 208 Fed. 530, 125 C. C. A. 532 (C. C. A. 9th Cir.); United States v. Mulvey, 232 Fed. 513, 146 C. C. A. 471 (C. C. A. 2d Cir.). If, however, it be assumed that the petitioner in this case acquired a residence in this country, it seems entirely clear that the circumstances and extent of his absences, under the Cantini and Mulvey Cases, supra, have been such as to break the continuity of his residence and to disentitle him to admission as a citizen of the United States. As was said by Judge Rogers in the Mulvey Case, 232 Fed. 516, 146 C. C. A. 474:

"The purpose of requiring aliens applying for citizenship to reside continuously within the country for five years is not only to satisfy the government as to the good faith of the applicant and as to his good character, but it is also to afford the alien *a sufficient opportunity to understand and familiarize himself with our institutions and mode of government*. In the opinion of Congress five years is none too long a period for this purpose."

How can it be said, in view of the limitation which Congress has prescribed, even though the petitioner has, at all times, had every intention of eventually residing in this country, that the length of time which he has spent in this country during the last five years is sufficient to comply with the latter purposes? For two years before he filed his petition he had not been in the country at all, and during the preceding years which intervened since the filing of his declaration of intention he has only been here for short periods of time and then on board a vessel. The facts of this case readily distinguish it from In re Schneider (C. C.) 164 Fed. 335. In that case the alien actually resided in this country for some time. He then enlisted in the United States Navy and served for four years. He never returned to the country of his birth. He had no other domicile or residence.

Without attempting to decide whether the witnesses produced by the petitioner were competent, I conclude, for the reasons before stated, that the petitioner has not continuously resided either within the United States for five years immediately preceding the date of his application, or within the state of New Jersey for one year, within the meaning of the acts of Congress, and hence that his petition must be dismissed.