### Matter of HENRY HERBERT W. WILLIS.

(Supreme Court, Kings Special Term, February, 1918.)

Naturalization — application for, when denied — what constitutes a "continuous" residence in United States.

Service aboard a vessel of foreign registry is not a residence within the meaning of the statute requiring a "continuous" residence in the United States for five years prior to the filing of a petition for citizenship, although in each of said years petitioner spent about eight weeks ashore in this country, and the application therefor must be denied.

APPLICATION for citizenship.

CALLAGHAN, J.   The petitioner is a British subject. He arrived in the United States on the 25th day of May, 1910, and between that time and some time during the year 1914 he was almost continuously employed aboard a vessel of British registry flying the flag of Great Britain.   In 1914 that vessel was transferred to American registry, and he continued his employment thereon.   During the period of his service aboard ship petitioner spent about eight weeks ashore each year in this country.   A declaration of intention was filed by him on June 5, 1912.   The petitioner was married before his arrival in this country, but he did not bring his wife to reside in the United States until July, 1915.   The question, therefore, is whether service aboard a vessel of foreign registry, flying a foreign flag, is a residence within the meaning of the statute requiring a " continuous " residence in the United States for five years prior to the filing of a petition for citizenship.   The applicant is a man of good character, and I should not hesitate to admit him if I was satisfied that the statute had been substantially complied with by a continuous residence in the United States. The statute does not require the residence to be " continuous " in the sense that an applicant must be physically, from day to day, within the United States (*United States* v. *Cantini,* 212 Fed. Repr. 925; *United States* v. *Rockteschell,* 208 id. 530; *Matter of Schneider,* 164 id. 335), but there must be such a residence as to satisfy the court that it was the intention of the petitioner to make this country his permanent home.   A residence aboard a foreign vessel cannot be construed as a residence in the United States.   It can only be considered as being upon foreign territory.   This proposition is not without authority.   Wharton on the Conflict of Laws (3d ed., § 356) says: " A ship in the open sea is regarded by

the law of nations as a part of the territory whose flag such ship carries." And Kent in his Commentaries (p. 26, 14th ed.) says: "No nation has any right or jurisdiction at sea, except it be over the persons of its own subjects, in its own public and private vessels; and so far territorial jurisdiction may be considered or preserved, for the vessels of a nation are, in many respects, considered as portions of its territory, and persons on board are protected and governed by the law of the country to which the vessel belongs." In *Crapo* v. *Kelly*, 16 Wall. 610, it was held that as between the several states of the United States a ship is presumed to belong to the state in which it is registered. That was an action brought by a New York creditor against a resident of Massachusetts and an attachment issued against the vessel while in the port of New York. Prior to the time of the attachment the defendant had applied to the insolvent court of Massachusetts for the benefit of the insolvent laws of that state. The court found that the ship, being considered the same as a part of Massachusetts territory, could not be attached at the instance of a creditor in the state of New York. See, also, *Matter of Bye*, 2 Daly, 525; *Matter of Scott*, 1 id. 534. A domicile, of course, is largely a matter of intention. Had this petitioner returned to his native country and engaged in tilling the soil for ten months in each of the five years prior to his petition for citizenship and returned to this country for two months during each year it could hardly be argued that such a residence was sufficient to show an intention upon his part to become a resident and have a domicile in the United States. Yet the facts in the supposititious case are, in legal effect, exactly the same as the facts in the instant case. The petitioner did not bring his wife to the United States until after the vessel upon which he was employed had been transferred to the

29

United States registry. We can very readily assume from that fact that he had some mental reservation regarding the step that he might possibly take eventually, namely, whether he would consummate his declaration of intention by applying for citizenship. His residence ashore ought not to be considered or construed as a "continuous" residence within the meaning of the statute, as it was undoubtedly a matter of convenience and without any *bona fide* intention of becoming a resident of this state or this country within the meaning of the statute. The application for citizenship is therefore denied.

Application denied.