## Petition of MacKINNON.

District Court, E. D. New York. August 19, 1927.

1. Aliens ⬖66—Service on foreign vessels held not "residence" within meaning of naturalization law, although petitioner's family lived in United States during such period (Naturalization Act 1906, § 4, subd. 7, as amended by Act May 9, 1918, § 1 [Comp. St. § 4352]).

Where, for at least four of the five years' "residence" period required, naturalization petitioner had been the master of vessels flying foreign flags, his residence was not, either under Naturalization Law 1906, § 4, subd. 7, as amended by Act May 9, 1918, § 1 (Comp. St. § 4352), nor under law prior to such amendment, such as to entitle him to naturalization, even though his family lived in United States during such period.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Residence.]

2. Aliens ⬖61—Citizenship can be conferred only upon those who possess statutory qualifications.

Citizenship is not a right but a privilege, and can be conferred only upon those who possess the statutory qualifications.

3. Aliens ⬖66—Naturalization law as amended, relative to service on foreign vessels, is declaratory of pre-existing law (Naturalization Act of 1906, § 4, subd. 7, as amended by Act May 9, 1918, § 1 [Comp. St. § 4352]).

Naturalization Act 1906, § 4, subd. 7, as amended by Act May 9, 1918, § 1 (Comp. St. § 4352), relative to service on foreign vessels, is declaratory of the law as it existed prior to passage of the amendment.

Petition of Donald MacKinnon for naturalization. Petition denied.

Crooks & Duvall, of Brooklyn, N. Y., for petitioner.

Merton A. Sturges, of Brooklyn, N. Y., Dist. Director of Naturalization.

CAMPBELL, District Judge. [1] The petitioner, Donald MacKinnon, on May 9, 1927, filed his petition for naturalization, and the same came on for hearing on August 11, 1927, when it was opposed by the representative of the Bureau of Naturalization of the Department of Labor, on behalf of the government, on the ground that the petitioner had not shown that, immediately preceding the date of his application, he had resided continuously within the United States five years at least.

The facts are that the petitioner claims to have arrived in the United States on January 6, 1912, and to have served as the master of vessels flying either the British or Canadian flag during the following periods:

On the steamship Mayaro, flying the

British flag, from January 6, 1912 to September 14, 1915. On the following vessels flying the Canadian flag: Steamship G. R. Crowe, from October 9, 1916 to November 18, 1919; steamship Oritani, from December 26, 1920 to March 24, 1924; steamship Lord Ormonte, from June, 1924, to September 24, 1924; and steamship Mabay, from October 10, 1924, to October 23, 1926.

The petitioner has a wife and two children living in Brooklyn, where they have lived for more than the five-year period, the children attending high school, but the petitioner has been the master of vessels flying either the British or Canadian flag for at least four years of the five years during which he was required by the naturalization law to have resided continuously within the United States. [2] The petitioner possesses all the other qualifications and is a man whom I believe would make a good citizen, but citizenship is not a right but a privilege, and can be conferred only upon those who possess the statutory qualifications.

This petitioner filed a prior petition in the Supreme Court of the state of New York, which was, on November 20, 1919, denied on the same ground which formed the basis of the objection in this instance.

On December 9, 1919, a motion to vacate the order denying his petition and to restore the same to the calendar for further hearing was made and denied, and an appeal was thereafter taken from such order to the Appellate Division of the Supreme Court, Second Department.

The order appealed from was unanimously affirmed (193 App. Div. 893, 183 N. Y. S. 108), and the court said:

"A master of vessels sailing under foreign flags is to some extent acting under the laws of and subject to officials of a foreign country. Hence, the five years' residence necessary for naturalization cannot be computed from sea service on foreign vessels even if the applicant's wife and children reside in this country."

In the opinion last quoted, no mention is made of that portion of subdivision 7 of section 4 of the Act of June 29, 1906, as amended by the Act of May 9, 1918, § 1 (Comp. St. § 4352), which reads as follows:

"Provided further, that service by aliens upon vessels other than of American registry, whether continuous or broken, shall not be considered as residence for naturalization purposes within the jurisdiction of the United States, and such aliens cannot secure residence for naturalization purposes during service upon vessels of foreign registry."

There is nothing shown by way of facts to distinguish the present pending application from the prior one that was denied, in so far as continuous residence within the United States is concerned, and the decision of the Appellate Court on the former application seems to be an authority in point. But the petitioner now says that the former decision is not in point, because the provisions quoted from said subdivision 7 of section 4, supra, apply only to the persons described in that subdivision, and cites In re Nicolich (D. C.) 17 F.(2d) 611.

[3] With the reasoning of the opinion in that matter I respectfully disagree, as subdivision 7 of section 4, supra, contains a number of provisions which are general, among them being those hereinbefore quoted. But, even if I should be in error in so holding, that is in no way decisive of this question, because no mention was made of that subdivision in the decision on appeal, supra, in the prior application, and I believe now, as I stated in my opinion of March 9, 1923, in United States of America v. Andrew Armour Habbick (D. C.) 287 F. 593, the substance of that portion of subdivision 7, supra, hereinbefore quoted, cannot be disregarded, because it was in reality simply declaratory of the law as it existed before the passage thereof on May 9, 1918.

See opinion of Mr. Justice Callaghan, of the New York Supreme Court, in Kings county, February 21, 1918 (102 Misc. Rep. 447, 169 N. Y. S. 261, In re Henry Herbert W. Willis, petition No. 34707), in which he says as follows:

"The question, therefore, is whether service aboard a vessel of foreign registry, flying a foreign flag, is a residence within the meaning of the statute requiring a 'continuous' residence in the United States for five years prior to the filing of a petition for citizenship.

"The applicant is a man of good character, and I should not hesitate to admit him if I was satisfied that the statute had been substantially complied with by a continuous residence in the United States. The statute does not require the residence to be 'continuous' in the sense that an applicant must be physically, from day to day, within the United States (United States v. Cantini [C. C. A.] 212 F. 925; United States v. Rockteschell [C. C. A.] 208 F. 530; In re Schneider [C. C.] 164 F. 335), but there must be such a residence as to satisfy the court that it was the intention of the petitioner to make this country his permanent home. A residence aboard a foreign vessel

cannot be construed as a residence in the United States. It can only be considered as being upon foreign territory. This proposition is not without authority. Wharton on the Conflict of Laws (3d Ed. 356), says: 'A ship in the open sea is regarded by the law of nations as a part of the territory whose flag such ship carries.' And Kent in his Commentaries, p. 26 (14th Ed.), says: 'No nation has any right or jurisdiction at sea, except it be over the persons of its own subjects, in its own public and private vessels; and so far territorial jurisdiction may be considered or preserved, for the vessels of a nation are, in many respects, considered as portions of its territory, and persons on board are protected and governed by the law of the country to which the vessel belongs.' In Crapo v. Kelly (16 Wall. page 610 [21 L. Ed. 430]), it was held that, as between the several states of the United States a ship is presumed to belong to the state in which it is registered. That was an action brought by a New York creditor against a resident of Massachusetts and an attachment issued against the vessel while in the port of New York. Prior to the time of the attachment the defendant had applied to the insolvent court of Massachusetts for the benefit of the insolvent laws of that state. The court found that the ship, being considered the same as a part of Massachusetts territory, could not be attached at the instance of a creditor in the state of New York. See, also, Matter of Thomas Bye, 2 Daly [N. Y.] 525; In re Robert Scott, 1 Daly [N. Y.] 534.''

The petitioner has not shown the five years' continuous residence required by the statute.

The petition for naturalization is therefore denied.