## UNITED STATES v. NICOLICH.

Circuit Court of Appeals, Fifth Circuit. April 4, 1928.

No. 5109.

1. Aliens &⟶62(3)—Provision restricting naturalization of alien seamen, serving on vessels of foreign registry should be narrowly construed (Act June 29, 1906, § 4, subd. 7, as added by Act May 9, 1918 [8 USCA § 384]).

Provision in subdivision 7, added to section 4 of Act June 29, 1906, by Act May 9, 1918 (8 USCA § 384), limiting right to naturalization of aliens serving upon vessels of foreign registry, should be narrowly construed and confined to context of act in accordance with expressed intention of Congress, in view of general intent of act to facilitate naturalization rather than to restrict it.

2. Aliens &⟶62(3)—Seaman admitted to United States as immigrant, who established domicile in good faith, held entitled to naturalization notwithstanding service on ships of foreign registry (Act June 29, 1906, § 4, subd. 7, as added by Act May 9, 1918 [8 USCA § 384]).

Seaman who was duly admitted to United States as an immigrant and in good faith es-

tablished domicile in United States, returning to his home at end of each trip, though employed as master of ships of foreign registry, *held* entitled to the citizenship after five years' continuous residence notwithstanding subdivision 7, added to section 4 of Act June 29, 1906, by Act May 9, 1918 (8 USCA § 384), which restricts residence of alien seamen on foreign vessels for naturalization purposes, in view of Rev. St. 2165, 2174, and in view of general purpose of 1918 act to facilitate naturalization.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Application by Marco Nicolich for citizenship, opposed by the United States by its Bureau of Immigration. From a judgment of the District Court admitting petitioner to citizenship (17 F.(2d) 611), the United States appeals. Affirmed.

Wayne G. ·Borah, U. S. Atty., and Edmond E. Talbot, Asst. U. S. Atty., both of New Orleans, La.

Walker B. Spencer and Hugh S. Suthon, both of New Orleans, La. (Spencer, Gidiere, Phelps & Dunbar, of New Orleans, La., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. It appears that appellee, a native of Austria,· arrived in New Orleans, August 6, 1914, and was duly admitted as an immigrant. He established a residence in that city, and has continuously maintained it, residing there with his wife when at home, and his domicile in New Orleans has never been abandoned. After coming to New Orleans he was employed as master of ships of foreign registry owned by American citizens and has made regular trips to foreign ports, from New Orleans, always returning to his wife and home at the end of each trip. He filed his declaration of intention to become a citizen on April 18, 1923, and his petition for naturalization under the provisions of section 4 of the Act of June 29, 1906 (8 USCA § 372 et seq.), on October 27, .1925, accompanying his petition with the certificate of arrival required by that act. His application for citizenship came up for a hearing on March 4, 1927, and was opposed by the Bureau. of Naturalization. on the ground that his residence in the United States could not be continuous for five years because of the provisions of subdivision 7, added to section 4 of the Act of June 29, 1906, by the Act of May 9, 1918 (8 USCA § 384), which reads as follows:

"Provided further, that service by aliens upon vessels other than of American registry, whether continuous or broken, shall not be considered as residence for naturalization purposes within the jurisdiction of the United States, and such aliens cannot secure residence for naturalization purposes during service upon vessels of foreign registry."

The District Court overruled this objection for reasons expressed in a well-considered opinion (17 F.[2d] 611), and admitted appellee to citizenship.

It is conceded by appellant that, but for the provisions of the act of 1918 above set out, appellee would be entitled to be naturalized, but it is contended that the said statute is an insuperable bar as long as his service on foreign vessels continues. In support of this contention, the following cases, which are undoubtedly in point, are relied upon: Macdonald v. U. S. (C. C. A.) 22 F.(2d) 747; In re Willis, 102 Misc. Rep. 447, 169 N. Y. S. 261; Petition of MacKinnon (C. C. A.) 21 F.(2d) 445. We are not disposed to follow these cases, and have reached a different conclusion.

Before the Act of June 29, 1906 (34 Stat. 596), aliens seeking naturalization were required to file a declaration of intention at least two years prior to admission and to show five years' continuous residence in the United States and one year at least within the jurisdiction of the court. R. S. 2165. An exception was made in favor of seamen, permitting them to be naturalized after serving three years on board a merchant vessel of the United States subsequent to a declaration of intention. R. S. 2174. In these respects the Act of June 29, 1906, made no change in the law.

Prior to the adoption of the Act of 1918 it was universally held by the· courts that residence, within the meaning of the naturalization laws, was synonymous with domicile, and an alien once acquiring a domicile within the United States, in good faith, with ·the intention of becoming a citizen, did not lose it by temporary absence in pursuit of his· business or vocation as a sailor or by short visits to his native country purely for pleasure, provided he always intended to return to his domicile, Of course, a decision as to the acquisition and retention of domicile depends in each case upon the facts presented.

. The Act of 1918 was adopted at the height of the World War without the opportunity for careful consideration usually given to statutes of that character. It was intended to facilitate naturalization rather than to restrict it. The United States was in pressing need of American citizens as watch officers

for the merchant fleet that was being rapidly acquired. By subdivision 7, added to the existing law by that act, sailors on American vessels were allowed to file a declaration of intention after three years' service, and to be naturalized immediately, and other classes of persons were given privileges of naturalization they had not theretofore enjoyed.

[1, 2] A proviso should be narrowly construed and confined to the context of the act in which it appears, and it will not be given an effect repugnant to the clearly expressed intention of Congress. Dollar Savings Bank v. U. S., 19 Wall. 227, 22 L. Ed. 80. The proviso above set out was merely declaratory of the existing law, and was evidently inserted out of an abundance of caution. To give it the effect contended for, we would have to assume that it was intended to be retroactive and to deprive seamen of the benefits of the naturalization laws they have always enjoyed, and which are still enjoyed by all other persons, quite contrary to the usual attitude of Congress.

We conclude that a seaman who has been duly admitted to the United States as an immigrant, and has in good faith established a domicile, is entitled to be naturalized after showing five years' continuous residence and otherwise complying with the law. He does not come within the class of persons covered by the proviso, and it is not a bar to his acquiring citizenship.

The judgment appealed from is affirmed.