NATIONAL BANK OF COMMERCE v. CLEVELAND et al.

(District Court, D. North Dakota. October 5, 1907.)

1. STATUTES—CONSTRUCTION—PROVISOS IN APPROPRIATION ACTS.

Provisos in the nature of general legislation attached to appropriation acts passed by Congress must be construed and treated the same as though they were separate and independent enactments, and not confined in their application to the subject-matter generally dealt with by the appropriation act.

[Ed. Note.—Construction and operation of provisos, exceptions and saving clauses, see note to United States v. R. F. Downing & Co., 76 C. C. A. 381.]

2. UNITED STATES MARSHALS—FEES—MILEAGE FOR SERVICE OF PROCESS.

The provision of the appropriation act (Act Aug. 18, 1894, c. 301, § 1, 28 Stat. 416 [U. S. Comp. St. 1901, p. 639]), that "hereafter no marshal or deputy marshal be allowed more than one mileage for each mile actually and necessarily traveled, irrespective of the number of writs he may execute in making such travel," is not limited in its application to criminal cases, but limits the fees of the marshal in all cases.

In the Matter of Fees for Marshal's Services.

Le Seur & Bradford, for plaintiffs.

P. H. Rovoke, U. S. Dist. Atty., for defendants.

AMIDON, District Judge. In serving the summons in the above-entitled cause, and a companion cause of John Crosby et al. v. Wilfred Riendeau et al., the marshal was obliged to travel 259 miles. Both writs were served at the same place and time, and only one journey was required to be traveled by the marshal in making the service. The plaintiffs in both causes are represented by the firm of Le Seur & Bradford, and the marshal has presented to them his bill covering a charge of 12 cents per mile for the 259 miles, in each case, or $31.08, making a total of $62.16. Counsel contend that this charge is unau-

thorized by law, and the matter has been brought before the court for adjustment on an order to show cause.

By Act Aug. 18, 1894, c. 301, § 1, 28 Stat. 416 [U. S. Comp. St. 1901, p. 639], it was provided as follows:

"That hereafter no marshal or deputy marshal be allowed more than one mileage for each mile actually and necessarily traveled, irrespective of the number of writs he may execute in making such travel."

By section 342 of the instructions of the department of justice to United States marshals, such marshals are instructed that the above statute does not apply to the service of process in civil cases, and in such cases they are directed to charge full mileage upon each writ served.

In my judgment these instructions are in direct conflict with the statute above quoted. The language of the statute is plain, and covers the precise question involved. The only ground for limiting the language that has been suggested is that the statutory provision is embodied in the general appropriation act providing for the expenses of United States marshals and deputies during the year 1904. The practice, however, of embodying general laws in appropriation bills has become so common that to adopt a narrow and restrictive construction confining their language to the subject-matter generally dealt with by the appropriation act would go far to nullify a good deal of the legislation of Congress. These provisos that are attached to appropriation acts for the purpose of procuring what is believed to be needed legislation, but which could not be accomplished by an independent statute by reason of the press of business before Congress must be treated the same as if they were separate and independent enactments. Giving to the statute that construction, the marshal in the cases here involved was entitled to but "one mileage for each mile actually and necessarily traveled." Making that allowance limits his charge to $31.08, which should be equally divided between the two cases, making the fee in each case $15.54.