## McDONALD *v.* UNITED STATES.

No. 117. Argued January 10, 1929.—Decided February 18, 1929.

*Messrs. J. Harry Covington* and *Dean G. Acheson,* with whom *Mr. Wm. K. Jackson* was on the brief, for petitioner.

14

16

*Mr. George C. Butte, Special Assistant to the Attorney General,* with whom *Solicitor General Mitchell, Assistant Attorney General Luhring,* and *Mr. Harry S. Ridgely* were on the brief, for the United States.

18

Mr. JUSTICE BUTLER delivered the opinion of the Court.

Petitioner, a British subject, was born in Nova Scotia in 1877. He lawfully entered the United States at New

York, September 17, 1920. He immediately established and has since maintained a place of residence at or near Boston, Massachusetts, where his wife and child joined him September 1, 1921, and have since lived. Since his entry he has continuously served as a master of a vessel of British registry belonging to the United Fruit Company, a New Jersey corporation, plying between Boston and Central American countries. November 30, 1921, he filed his declaration of intention to become a citizen in the district court for Massachusetts, and December 22, 1926, his petition for naturalization. That court denied his application, and its judgment was affirmed by the Circuit Court of Appeals. 22 F. (2d) 747. There is conflict between that decision and one of the Circuit Court of Appeals of the Fifth Circuit. *United States* v. *Nicolich,* 25 F. (2d) 245. This Court granted a writ of certiorari. 277 U. S. 581.

The sole question is whether service on a vessel of foreign registry is to be considered residence in the United States for naturalization purposes.

The Fourth subdivision of § 4 of the Act of June 29, 1906, 34 Stat. 598, provides that on the petition of an alien for citizenship it shall be made to appear "that immediately preceding the date of his application he has resided continuously within the United States five years at least." U. S. C., Tit. 8, § 382.

That Act was amended May 9, 1918, 40 Stat. 542, by adding to § 4 seven subdivisions. The Seventh subdivision, being the first of those so added, is here involved; and, so far as material, its substance is indicated in the margin.* It contains the following: "*Provided further,*

---

* [The numbers and other matter within brackets are added for convenience in reading.]

Seventh. [1] Any native-born Filipino of the age of twenty-one years and upward who has declared his intention to become a citizen of the United States and who has enlisted or may hereafter enlist in

That service by aliens upon vessels other than of American registry, whether continuous or broken, shall not be considered as residence for naturalization purposes within the jurisdiction of the United States, and such aliens can not secure residence for naturalization purposes during service upon vessels of foreign registry." U. S. C., Tit. 8, § 384.

If that provision relates only to those classified in the added subdivision, petitioner is entitled to naturalization; but if it is given general application the judgment below is right.

As a general rule, a proviso is intended to take a special case or class of cases out of the operation of the body of

---

the United States Navy or Marine Corps or the Naval Auxiliary Service, and who, after service of not less than three years, may be honorably discharged therefrom, or who may receive an ordinary discharge with recommendation for reenlistment;

[2] or any alien, or any Porto Rican not a citizen of the United States, of the age of twenty-one years and upward, who has enlisted or entered or may hereafter enlist in or enter the armies of the United States, . . . or in the . . . Navy or Marine Corps, or in the . . . Coast Guard, or who has served for three years on board of any vessel of the United States Government, or for three years on board of merchant or fishing vessels of the United States of more than twenty tons burden, and while still in the service on a reenlistment or reappointment, or within six months after an honorable discharge or separation therefrom, or while on furlough . . . ,

[The Filipinos, aliens and Porto Ricans aforesaid] may, on presentation of the required declaration of intention petition for naturalization without proof of the required five years' residence within the United States . . . ; [U. S. C., Tit. 8, § 388 and see R. S. § 2174],

[3] any alien serving in the military or naval service of the United States during the time this country is engaged in the present war may file his petition for naturalization without making the preliminary declaration of intention and without proof of the required five years' residence within the United States; [*id*. § 392]

[4] any alien declarant who has served in the United States Army or Navy, or the Philippine Constabulary, and has been honorably

the section in which it is found. *Wayman* v. *Southard*, 10 Wheat. 1, 30. *United States* v. *Dickson*, 15 Pet. 141, 165. *Ryan* v. *Carter*, 93 U. S. 78, 83. *United States* v. *McElvain*, 272 U. S. 633, 635. But a proviso is not always limited in its effect to the part of the enactment with which it is immediately associated; it may apply generally to all cases within the meaning of the language used. *United States* v. *Babbit*, 1 Black 55. *Springer* v. *Philippine Islands*, 277 U. S. 189, 207. Little if any significance is to be given to the use of the word "provided." In

---

discharged therefrom, and has been accepted for service in either the military or naval service of the United States on the condition that he becomes a citizen of the United States, may file his petition for naturalization upon proof of continuous residence within the United States for the three years immediately preceding his petition, . . . and in these cases only residence in the Philippine Islands and the Panama Canal Zone by aliens may be considered residence within the United States, and the place of such military service shall be construed as the place of residence required to be established for . . . naturalization. [*id.* § 389.]

. . . [Provisions governing procedure follow] . . .

[5] Members of the Naturalization Bureau and Service may be designated by the Secretary of Labor to administer oaths relating to the administration of the naturalization law; [*id.* § 354]

[6] and the requirement of section ten of notice to take depositions to the United States attorneys is repealed, and the duty they perform under section fifteen of the Act of June twenty-ninth, nineteen hundred and six . . ., may also be performed by the Commissioner or deputy Commissioner of Naturalization: [*id.* § 405]

[7] *Provided,* That it shall not be lawful to make a declaration of intention before the clerk of any court on election day or during the period of thirty days preceding the day of holding any election in the jurisdiction of the court: [*id.* § 374, and see § 362]

[8] *Provided further,* That service by aliens upon vessels other than of American registry, whether continuous or broken, shall not be considered as residence for naturalization purposes within the jurisdiction of the United States, and such aliens can not secure residence for naturalization purposes during service upon vessels of foreign registry. [*id.* § 384.]

Acts of Congress, that word is employed for many purposes. *Schlemmer* v. *Buffalo, Rochester, &c. Ry.,* 205 U. S. 1, 10. Sometimes it is used merely to safeguard against misinterpretation or to distinguish different paragraphs or sentences. *Georgia Banking Co.* v. *Smith,* 128 U. S. 174, 181. For the proper construction of the provision in question, consideration need not be limited to the subdivision in which it is found; the general purpose of the section may be taken into account. *United States* v. *Whitridge,* 197 U. S. 135, 143.

The general rule in respect of residence of aliens seeking naturalization was established by § 4 of the Act of 1906. The subdivision added by the amendatory Act takes out of that rule four classes, which include (1) native-born Filipino declarants, having served in the Navy, Marine Corps or Naval Auxiliary, (2) aliens, or Porto Ricans not citizens of the United States, having served in the Army, Navy, Marine Corps, Coast Guard or on merchant or fishing vessels of the United States, (3) aliens in the military or naval service during the war, and (4) alien declarants who have been honorably discharged from the Army, Navy or Philippine constabulary and have been accepted for military or naval service on condition that they naturalize. As to those included in the first three classes, no proof of residence is required. As to members of the fourth class, three years' residence is required. Provisions regulating procedure in cases covered by the subdivision follow. After these are the clauses designated in the margin, 5, 6 and 7, followed by the proviso above quoted.

Petitioner contends and it may be assumed that, under the Act of 1906 before the amendment, mere absence of a sailor in pursuit of his calling whether serving on vessels of United States or of foreign registry did not interrupt the required period of residence in the case of one maintaining a domicile in this country. *United States* v. *Rockteschell,*

208 Fed. 530. *United States* v. *Habbick*, 287 Fed. 593, 595.

The amendatory Act was passed in war time, and the new classes include those who, by reason of service in support of the national purpose, specially merit the protection of our flag and the benefits of citizenship. As to them Congress undoubtedly intended generously to relax the requirements for naturalization. See House Report No. 502, 65th Congress, 2d Session. But petitioner is not within any of the new classes; he claims under the earlier Act. And he insists that service on vessels of foreign registration is to be deemed residence for naturalization of aliens domiciled here who are within the five year rule. But under that construction, such service cannot be considered as residence for those within the favored classes created by the amendment.

Moreover, there is nothing in the subdivision to which the proviso can reasonably be held to relate. And, if not construed to apply to those who like petitioner are subject to the five year rule, it would have no effect. This is plainly so because those in the first three classes are not required to prove any period of residence; and the place of their military service is the place of residence required to be established by those belonging to the fourth class.

The subdivision contains provisions plainly not limited to the special classes created by it. It is manifest without discussion that the clauses numbered 5, 6 and 7 in the margin are intended to have effect beyond the scope of the subdivision. The language and circumstances attending the enactment of the amendment do not permit a construction of the proviso limiting its effect to the special classes aforesaid. It was intended to apply generally according to its terms and to establish the rule that service on foreign vessels would not be deemed residence within the United States for the purposes of naturalization.

*Decree affirmed.*