187 So. 500

**COOPER v. STATE.**

**6 Div. 438.**

Court of Appeals of Alabama.

Jan. 10, 1939.

Rehearing Denied Jan. 24, 1939.

Geo. Lewis Bailes, Sol., and Robt. G. Tate and W. Burgin Hawkins, Deputy Sols., all of Birmingham, for appellee.

A. A. Carmichael, Atty. Gen., and B. W. Simmons, Asst. Atty. Gen., for appellant.

SAMFORD, Judge.

Appellant filed a petition for a writ of habeas corpus before the Judge of the Tenth Judicial Circuit of Alabama. In a hearing before said Circuit Judge, the writ was denied and appellant was remanded to the custody of the convict authorities, where she now is.

The facts are agreed upon and show that the petitioner is in the custody of the legal authorities. She was tried and convicted in the Jefferson County Court of Misdemeanors (an inferior court) on a charge of violating Section 4247 of the Code of 1923. An appeal was taken to the Circuit Court of Jefferson County, where upon trial de novo, she was again convicted, and upon failure to pay fine and cost was sentenced to hard labor for the county. Included in the bill of costs, for which she was sentenced, was a solicitor's fee in the Inferior Court of $2.50, and a solicitor's fee in the Circuit Court of $150. She has worked out all of the hard labor, in the event the item of cost of $150, for a solicitor's fee, was not properly taxed against her. But, in the event it was properly taxed, she has not completed her sentence. On this sole question, as to whether or not this was a proper taxation of cost, this dispute is based.

The pertinent legislative provisions relating to the case at bar are as follows: "For every conviction for a misdemeanor in the county courts or inferior courts there shall be taxed and collected as a part of the costs and paid into the county treasury the same solicitor's fees provided for convictions in such cases in the circuit court whether such judgment be paid in the

county court, or on appeal to the circuit court." Code of 1923, Section 3759.

This Section of the Code was amended by the General Acts of the Legislature of 1936, p. 30, which reads as follows:

"Section 1. That Section 3759 of the Code of Alabama of 1923, be amended so as to read as follows: Section 3759. For every conviction for a misdemeanor in the County Courts or Inferior Courts there shall be taxed and collected as a part of the costs and paid into the County Treasury the same Solicitor's fees provided for conviction in such cases in the Circuit Court, provided that in the event of an appeal to the Circuit Court no Solicitor's fees shall be taxed or collected for the services of a Solicitor in the Circuit Court."

"Approved March 26, 1936."

Section 5512 of the Code of 1923 reads as follows: "For every conviction of a misdemeanor in the county courts or inferior courts there shall be taxed and collected as a part of the costs and paid into the county treasury the same solicitors' fees provided for convictions in such cases in the circuit court; and said fees shall be placed in the solicitor's fund of such county by the treasurer of said county; and on appeal to the circuit court, the same shall be taxed as a part of the costs in addition to the solicitors' fee taxed for such conviction in the circuit court, and this solicitors' fee previously taxed in the county court or inferior court, shall be paid, when collected, into the county treasury, and placed in the solicitors' fund of such county by the treasurer of said county."

Local Acts of the Legislature of 1935, p. 228, approved September 7, 1935, reads as follows: "The compensation of the solicitor [of the Inferior Criminal Court of Jefferson County] shall be fixed by the County Commission of Jefferson County. There shall be taxed as part of the cost in each misdemeanor case prosecuted by such solicitor the sum of Two Dollars and fifty cents ($2.50) as solicitor's fee, and in all felony cases prosecuted by said solicitor there shall be taxed the sum of Five ($5.00) Dollars as solicitor's fee, which solicitor's fee shall be collected by the clerk of said court, or by the clerk of the circuit court when said cause is not finally determined in this court, and shall be by such clerks paid into the general fund of the county treasury." Section 1.

By Amendment No. Two of the Constitution of 1901, it is provided that the Legislature of Alabama may, hereafter, from time to time, by General or Local Laws, fix, regulate, and alter the cost, charges of court, fees, commissions, allowances, or salaries to be charged or received by any County Officer of Jefferson County including the method and basis of their compensation.

It was the evident purpose and intent of the Legislature, by its Amendment to Section 3759 of the Code of 1923, adopted March 26, 1936, to prevent a charge of two Solicitor's fees in misdemeanor cases appealed from inferior tribunals to the Circuit Court; and not the purpose to fix the amount of such fees to be taxed as cost in inferior courts.

The Act of 1935, hereinabove quoted, fixing the solicitor's fees in misdemeanor cases in the inferior criminal court in Jefferson County is a local Act, and is not repealed or affected by the general act amendatory of Section 3759 of the Code of 1923, adopted March 26, 1936. A general law does not repeal a special or local law, unless expressly provided. This is the rule universally recognized in this State. Board of Revenue v. Johnson, 200 Ala. 533, 76 So. 859.

So, we hold, construing all of these various enactments of the Legislature in pari materia, that on appeal in a misdemeanor case from the county or inferior courts of the State "No solicitor's fee shall be taxed or collected for the services of a solicitor in the circuit court." That much to us seems clear.

Then, so far as Jefferson County is concerned the only solicitor's fees authorized by the law in misdemeanor cases is $2.50 in each case.

Without the constitutional amendment, hereinabove cited, a local law charging the amount of solicitor's fees would have been void as being out of harmony with the fees in all other counties. With that we have nothing to do. The Legislature, undoubtedly, has the right to fix solicitors' fees as well as the salaries of the solicitors, and when so fixed, they must be taxed in accordance therewith, and any amount in excess thereof is void.

It follows that the judge of the lower court was in error in refusing to grant the writ of habeas corpus as prayed.

The judgment, or order, of the Circuit Judge is reversed and in accordance with

the prayer of the petition it is ordered that the prisoner be discharged from custody.

Reversed and rendered.

## On Rehearing.

SAMFORD, Judge.

It is insisted by the respondent that the proviso appearing in Section 1 of the Acts of the Legislature of 1936, Ex.Sess., p. 30, should only apply to and modify that Act so as to make it read: "No Solicitor's fee shall be taxed or collected for the service of a Solicitor in the Circuit Court, when the Solicitor's fee in such Court is the same as the Solicitor's fee in the County or Inferior Court." This is not the wording of the enactment, but is insisted upon by the appellee in this case.

 We are familiar with the general rule which provides that: "The operation of a proviso is usually and properly confined to the clause or distinct portion of the enactment which immediately precedes it, and does not extend to or qualify other sections, unless the legislative intent that it shall so operate is clearly disclosed." But there is an exception to this rule; when from the context, and a comparison of all the provisions relating to the same subject-matter, it is manifest, that the object and intent were to give to the proviso a scope extending beyond the section, and effect beyond the phrase immediately preceding, it will be construed as restraining or qualifying preceding sections relating to the subject-matter of the proviso, or as tantamount to an enactment in a separate section, without regard to its position and connection. Mayor of Cumberland v. Magruder, 34 Md. 381; United States v. Babbit, 1 Black 55, 17 L.Ed. 94; Wartensleben v. Haithcock, 80 Ala. 565, 1 So. 38; National Bank of Commerce v. Cleveland, D.C., 156 F. 251; Cox v. Hart, 260 U.S. 427, 43 S.Ct. 154, 67 L.Ed. 332; McDonald v. United States, 279 U.S. 12, 49 S.Ct. 218, 73 L.Ed. 582. There are many more authorities not here cited to the same effect.

In the instant case all of the various statutes set out in the original opinion, together with other statutes, relate to solicitor's fees and the way and manner in which they are to be taxed as costs against persons convicted of crime. Considering all of these together with those statutes covering such fees into public treasury, either of the State or of the county, we are of the opinion, and so hold, that it was the intent of the Legislature to prevent the collection of double fees whatever the amount, and the Local Statute in Jefferson County having limited the solicitor's fee in this case to $2.50, there is no authority of law for taxing a greater fee on appeal to the circuit court.

The application for rehearing is overruled, and it is ordered that the petitioner be discharged from custody.

Overruled.

RICE, Judge (dissenting on rehearing).

It is my opinion that the proviso inserted by way of amendment in Code 1923, Sec. 3759, by Act approved March 26th, 1936 (Gen.Acts of the Ala.Extra Session 1936, p. 30), that "in the event of an appeal to the Circuit Court no Solicitor's fees shall be taxed or collected for the services of a Solicitor in the Circuit Court" had and has application only to cases where "there shall be taxed and collected as a part of the costs and paid into the County Treasury the same Solicitor's *fees provided for conviction in such cases in the Circuit Court.*" (Italics mine.) All as provided *by* said Act.

I therefore dissent.