# FERNANDEZ et al. v. CARRASQUILLO.

## No. 3964.

Circuit Court of Appeals, First Circuit.

Dec. 18, 1944

Luis Mercader, of Arecibo, Puerto Rico, for appellants.

B. F. Sanchez Castano, of San Juan, Puerto Rico, for appellee.

Before MAHONEY, WOODBURY and PETERS, JJ.

MAHONEY, Circuit Judge.

This action was brought in the Insular District Court of Arecibo for the annulment of summary mortgage foreclosure proceedings. The Supreme Court of Puerto Rico affirmed the judgment of the District Court sustaining a demurrer to the amended complaint and the plaintiffs have appealed.

The defendant moves to affirm on the ground that it is manifest from the record and the statement on appeal that the judgment below is neither "inescapably wrong" nor "patently erroneous," and, in the alternative, to dismiss the appeal for lack of jurisdiction on the ground that the notice of appeal has not been filed within three months after the entry of judgment, as provided for by statute. 28 U.S.C. § 230.

Since the motion to dismiss involves the jurisdiction of this court we proceed directly to a discussion of that question. The judgment below was entered on July 28, 1943. Although the Rules of the Supreme Court of Puerto Rico do not specifically provide for the filing of a petition for rehearing, the practice of that court has been not to send down its mandate until ten days from the rendition of judgment, and, if a petition for rehearing is filed within ten days, the court stays its mandate until the petition is disposed of. Fuentes v. Aponte, 62 P.R.R. —— (June 5, 1944); Manrique v. Ramirez, 38 P.R.R. 482, 483; Schluter & Co. v. Gonzalez, 38 P.R.R. 224. In the instant case a Justice of the Supreme Court granted the plaintiffs an additional ten days to file a motion for reconsideration and ordered the mandate to be withheld until August 18. The plaintiffs filed their motion for reconsideration within the extended time on August 16, but as the court had already started its summer recess that motion could not be passed upon until the court reconvened November 1. On that date it was submitted, and by order of the court reconsideration was summarily denied on November 2, without a hearing or a written opinion. Eleven days later, on November 13, the plaintiffs filed their notice of appeal. The defendant contends that because the court denied reconsideration it did not "entertain" the motion, and that therefore the three months period is computed from the entry of judgment on July 28 and had elapsed by November 13.

It is well settled that when a petition for rehearing is seasonably presented and entertained by the court, the time limited for appeal does not begin to run until the petition is disposed of. Denholm & McKay Co. v. Commissioner, 1 Cir., 132 F.2d 243, 247. In that case the court said: "What is meant by 'entertainment' of the petition for rehearing has not been entirely clear * * *. Apparently it means merely that the court considers on the merits the grounds urged in the petition for rehearing. See Texas Pacific Ry. Co. v. Murphy, supra, 111 U.S. [488], at page 489, 4 S.Ct. 497, 28 L.Ed. 492; United States v. Seminole Nation, supra [299 U.S. 417, 57 S.Ct. 283, 81 L.Ed. 316]; Bow-

man v. Lopereno, 1940, 311 U.S. 262, 266, 61 S.Ct. 201, 85 L.Ed. 177; Payne v. Garth, 8 Cir., 1922, 285 F. 301, 309. When the published rules of the court permit the filing of a petition for rehearing within a stated period, that means that the court will ordinarily consider such petition on its merits, i. e., entertain it. Ortiz v. Public Service Commission, 1 Cir., 1940, 108 F.2d 815, 816; Warren v. Territory of Hawaii, 9 Cir., 1941, 119 F.2d 936, 938, 939. It is not requisite that the motion for rehearing be set down for argument." When the petition for rehearing is thus considered and disposed of on the merits it has been "entertained" by the court although the court may deny the petition without setting the case down for reargument and without any written opinion. Rule 32 of the Revised Rules of this court provides that "a petition for rehearing may be filed with the clerk within fifteen days (thirty days in appeals from Puerto Rico) after judgment is entered, unless the time is enlarged by order of the court." When such a petition is filed in accordance with the rules we consider it timely filed as a matter of right, and the petition is considered and disposed of on its merits. If we find that our decision is not erroneous in the light of the arguments advanced in the petition, we usually enter an order, "Petition for rehearing denied" without granting a reargument and without a written

opinion. The United States Supreme Court treats the entry of such an order denying rehearing as "entertainment" of the petition, for it considers that it has jurisdiction of a petition for certiorari where that petition is filed within three months after the entry of our order denying the petition for rehearing.[1]

The Supreme Court of Puerto Rico took the same view of the matter until the legislature amended the civil code to require something more to constitute "entertainment" of a petition for rehearing. In Davila v. Collazo, 50 P.R.R. 475, the court held that the decision of this court in Sauri v. Sauri, 1 Cir., 45 F.2d 90, "has been accepted as authority * * * sustaining the proposition that the filing of a motion for reconsideration of a judgment * * * renews * * * [the time for appeal] so that it commences to be counted anew from the date on which consideration is denied. * * *" (Brackets supplied.) That court followed the Sauri rule reluctantly, remarked that the effect thus given to the filing of a motion for reconsideration "lends itself to dilatory tactics upon the part of losing litigants," and invited legislation changing the rule by observing that until the legislature acts the court "will consider itself obliged to follow" the Sauri rule. The legislature thereupon amended § 292 of the Code of Civil Procedure by Act No. 67, of May 8, 1937, which provides

[1] In MacDonald v. United States, 1 Cir., 22 F.2d 747, our judgment was rendered December 2, 1927. Petition for rehearing was timely filed December 31, 1927, our rules then allowing a period of thirty days for filing such petitions. On January 12, 1928, we denied the petition, without reargument and without opinion. Certiorari was applied for April 28, 1928, and granted May 28, 1928. 277 U.S. 581, 48 S.Ct. 562, 72 L.Ed. 998. On February 18, 1929, our judgment was affirmed. 279 U.S. 12, 49 S.Ct. 218, 73 L.Ed. 582.

In People of Porto Rico v. Havemeyer, 1 Cir., 60 F.2d 10, our judgment was entered June 27, 1932. Petition for rehearing was timely filed July 26, 1932. On August 5, 1932, we denied the petition without reargument and without opinion. Certiorari was applied for November 4, 1932, and granted December 5, 1932. 287 U.S. 593, 53 S.Ct. 222, 77 L.Ed. 518. On March 13, 1933, our judgment was reversed. 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903.

In National Labor Relations Board v. Bradford Dyeing Association, 1 Cir., 106

F.2d 119, our decree was entered August 2, 1939. On August 22, 1939, the Board filed a petition for rehearing by leave of court. On September 13, 1939, we entered an order denying the petition for rehearing without reargument and without opinion. The Board, on December 13, 1939, filed its petition for certiorari, which was granted January 15, 1940. 308 U.S. 549, 60 S.Ct. 386, 84 L.Ed. 461. On May 20, 1940, the decree of this court was reversed. 310 U.S. 318, 60 S.Ct. 918, 84 L.Ed. 1226.

In National Labor Relations Board v. Franks Bros. Co., 1 Cir., 137 F.2d 989, our decree was entered July 27, 1943. On August 23, 1943, respondent filed a petition for rehearing within an extended period granted by order of court. On September 13, 1943, we entered an order denying the petition for rehearing without reargument and without opinion. Petition for certiorari was filed December 4, 1943, and granted January 10, 1944. 320 U.S. 734, 64 S.Ct. 436. On April 10, 1944. the decree of this court was affirmed. 321 U.S. 702, 64 S.Ct. 817.

that motions for rehearing must be filed in the insular district courts within fifteen days after final judgment, and if the district court rejects such a motion "outright," the time for appeal is to be considered as never having been interrupted. This means that if the district court grants the motion the appeal time begins to run from the date of the order entered on such a motion, but if the district court denies the motion it means that the appeal time is computed from the date on which the court's judgment was originally entered. See Marcano v. Santini, 60 P.R.R. 432, where the court held, "under the above-cited Sec. 292, if the lower court had peremptorily denied the motion, * * * then the 30 day term available * * * for taking an appeal would have to be computed from the date of filing the notice of judgment, as if no motion for reconsideration had been presented. The party who applies for a reconsideration does so at the risk of losing its rights of appeal, by expiration of the statutory period, if his motion is peremptorily denied for lack of merits. His only protection against such risk is to appeal in time without waiting for the court to act by peremptorily denying or setting the motion for hearing; but it must always be borne in mind that the real object of the statute is to prevent the resort to motions for reconsideration that are frivolous and groundless and made for the sole purpose of delaying the execution of the judgment." See Tas Monjas v. Insular Racing Commission, 52 P.R.R. 432, Concepcion v. Latoni, 59 P.R.R. 663, 666.

■ Under the doctrine of Davila v. Collazo, supra, the court below took a position similar to ours in Denholm & McKay v. Commissioner, supra, namely, a timely motion for reconsideration automatically results in entertainment thereof. So far as appeals from the insular district courts to the Supreme Court of Puerto Rico are concerned, § 292 as amended in 1937, requires something more. That amendment has no effect on the meaning of "entertainment" as used by this court in considering the effect of a petition for rehearing in the Supreme Court of Puerto Rico for taking an appeal to this court. In Ortiz v. Public Service Commission, 108 F.2d 815, 816, this court relied on the recital of the Supreme Court of Puerto Rico that the petition for rehearing was "denied without a hearing or written opinion and therefore was not entertained by the court" and con-

cluded that we had no jurisdiction as the appeal time computed from the entry of the final judgment had elapsed. In that case we took the view that we could not disregard the language of the order of the Supreme Court of Puerto Rico. It appears that the recital of non-entertainment was made as a result of the Statute of 1937 involving appeals from the insular district courts. Obviously this court accepted as a fact the condition that the motion was not entertained because the Supreme Court said so.

■ In the case before us we hold that the motion for reconsideration was "entertained" by the court below and that the appeal was taken in time. Denholm & McKay Co. v. Commissioner, supra. The motion to dismiss for lack of jurisdiction is denied.

■ The summary motion to affirm the judgment below on the ground that it is neither "inescapably wrong" nor "patently erroneous" is also denied on the ground that it was not filed within twenty days after the filing and serving of the statement on appeal. Rule 39(b) of the Revised Rules of this court.

The facts here are set out in the amended complaint. From the second allegation it appears that in 1925 the plaintiffs executed a mortgage on real estate to guarantee a loan by the defendant to the plaintiffs of $2000 "with a monthly interest rate of one per cent, payable for the said term and the delay until payment has been made; and that the debtors would pay any and all fees * * * that might be levied upon the principal of the loan or its interest." The third allegation provided that "in consideration of the facts stated hereinbefore, the debtors executed a mortgage * * * in favor of defendant, and that the mortgaged property would respond for the principal of $2000, interest of $200, and $200 for costs, expenses, and attorney's fees, in prejudice of third parties in case of litigation." It is further recited that on June 12, 1931, the defendant brought summary mortgage foreclosure proceedings against the plaintiffs, "claiming the principal of $2000, interest of $152 earned from October 11, 1930 to June 12, 1931, plus all interest earned until total payment; and also $200 costs and attorney's fees"; that on July 29, 1931, the defendant asked for the sale of the mortgaged property to satisfy his claim, and that at the sale on Oc-

tober 27, 1931, the mortgaged real estate was adjudicated to him as sole bidder for $300 as a partial payment of his claim.

 The district court sustained a demurrer to the amended complaint on the ground that it failed to state a good cause of action. When the plaintiffs' motion for reconsideration was denied they moved for judgment on the pleadings. Thereupon the district court dismissed the amended complaint and entered judgment for the defendant, and the plaintiffs appealed to the Supreme Court of Puerto Rico.

The plaintiffs contend that their complaint states a good cause of action because the summary mortgage foreclosure proceedings improperly prayed for the $152 item of interest and $200 to cover costs and attorney's fees. Their theory is that the mortgage creditors may not use summary foreclosure proceedings to claim from the debtor credits other than those clearly and expressly guaranteed by the mortgage deed, and that the instrument did not provide for such interests, costs and attorney's fees as were allowed in the foreclosure proceedings. The determination of this turns on an interpretation of the provisions of the mortgage instrument. The Supreme Court found that "the mortgage guaranteed the interest for the life of the contract and any delay until full payment of the debt was effected," and that it provided for attorney's fees in the same way. The plaintiffs' position is untenable in the face of the provision for interest payable for the term "and the delay *until payment has been made*," and the third allegation which sets a limitation on costs and attorney's fees in prejudice of third parties.

 The plaintiffs further contend that the defendant was violating the doctrine laid down in Cotto v. District Court, 52 P.R.R. 553 and Act 61 of 1931, in summarily foreclosing the mortgage on October 27, 1931, without previously appraising the property and fixing a minimum price upon it. The Supreme Court has already rejected that contention. In Sucn. Molina v. Sociedad Protectora de Minos, 61 P.R. R. ——, a case involving facts similar to those in the case before us, it held that: "We are of the opinion that in the instant case, the mortgage having been constituted prior to 1931 and also summarily closed prior to 1936, that is, before the interpretation given to Act No. 69 of 1931, and Act No. 81 of 1936, in the case of Cotto v. Dis-

trict Court, supra, it should be governed by the doctrine of stare decisis, and in accordance with what was decided in the case of Henna v. Sauri and Salura, supra, to the effect that the fact that no valuation was agreed to in the mortgage deed was not an impediment to proceed in by way of a summary foreclosure proceeding."

 The plaintiffs further contend that they were denied an opportunity to amend their complaint. In disposing of this aspect of the case it is sufficient to point out that after the district court sustained a demurrer to the complaint, it entered judgment on the demurrer at the request of the plaintiffs.

The judgment of the Supreme Court of Puerto Rico is neither "inescapably wrong" nor "patently erroneous." DeCastro v. Board of Commissioners, 1944, 322 U.S. 451, 64 S.Ct. 1121; Bonet v. Texas Co., 1940, 308 U.S. 463, 60 S.Ct. 349, 84 L.Ed. 401.

The judgment is affirmed with costs to the appellee.