COMPAÑÍA CERVECERA DE PUERTO RICO, INC., ETC., Petitioner, v. TAX COURT OF P. R., Respondent; TREASURER OF PUERTO RICO, Intervener.

No. 198. Argued June 21, 1948.—Decided July 8, 1948.

J. *Alemañy Sosa* for petitioner. *Luis Negrón Fernández, Attorney General,* and *J. B. Fernández Badillo, Assistant Attorney General,* for intervener, respondent in the main action.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The Treasurer of Puerto Rico, intervener herein, seeks the dismissal of this appeal on the ground that we lack jurisdiction because the same was untimely taken. We shall examine the facts.

The Tax Court rendered the decision appealed from on January 30, 1948 and it was served on the taxpayer on February 3, 1948. On February 11 the taxpayer filed a motion for reconsideration and on March 24, 1948 the court denied it, by merely stating "motion denied." On April 19, 1948 the taxpayer filed a certiorari petition in the office of the clerk of this Court.

The intervener bases his motion on (1) Act No. 169 of May 15, 1943 (Sess. Laws, p. 600), that is, the Act creating the Tax Court; (2) Act No. 67 of May 8, 1937 (Sess. Laws, p. 190) and (3) on *Guilhon & Barthelemy* v. *District Court,* 64 P.R.R. 289.

Section 5 of Act No. 169 of 1943 insofar as pertinent provides that "All decisions of the Tax Court shall be final; but the aggrieved party may, within *thirty (30) days* after notice of the decision is served on him, appeal to the Supreme

Court of Puerto Rico, through a writ of certiorari, *for a review of the proceeding . . .* " (Italics ours.)

■ By Act No. 67 of 1937 § 292 of the Code of Civil Procedure was amended thus:

"Section 292.—A judgment or order in a civil action, except when expressly made definite and final, may be reviewed as prescribed in this Code, and not otherwise.

"Any party aggrieved by a judgment or resolution of a district court in a civil action may, within the unextendible term of fifteen (15) days from the date of the filing in the case of a copy of the notification of the judgment, or within the unextendible term of five (5) days from the date of the filing in the case of a copy of the notification that judgment has been rendered, file in the court where the judgment or resolution was rendered, an *ex-parte* petition for the review or reconsideration of its judgment or resolution, stating therein the facts and the fundamentals of law on which the application is based. The court shall decide the motion for reconsideration within five (5) days after it is filed, and if the court rejects the petition outright, the term for appealing from the judgment or resolution whose review is applied for shall be computed in the manner provided in this Code, as if no petition for review or reconsideration had been presented. If the court decides to reconsider its judgment or resolution, or to hear the parties on the motion for reconsideration, the term for appealing shall be computed from the date of the filing, as part of the record of the case, of a copy of the notification made by the secretary of the court to the party against whom the final decision of the court was rendered."

In *Guilhon & Barthelemy* v. *District Court, supra,* construing the scope of the amendment to § 292 of the Code of Civil Procedure, we said on pages 294 to 295:

"It is therefore now the rule in this jurisdiction that unless the district court takes some affirmative action by way of 'granting' a motion for reconsideration and setting the case down for rehearing, such a motion has not been 'entertained', even though it has been seasonably filed. Litigants who file such a motion take the risk that their time to appeal is running, unless the district court subsequent to the filing of the motion

86

formally 'grants' it. If the motion is denied without hearing, the time to appeal is considered as having begun to run from the date of the filing in court of the notification of the original judgment of the district court. (*Marcano* v. *Marcano*, 60 P.R.R. 344; *Concepción* v. *Latoni*, 59 P.R.R. 663; *Las Monjas* v. *Insular Racing Com.*, 52 P.R.R. 432. *Cf. Torres* v. *Sucn. Serrallés*, 55 P.R.R. 118, which reverted to the earlier cases and seems to have been a temporary aberration.)

\*     \*     \*     \*     \*     \*     \*

"If the district courts would faithfully follow the above suggestion to give such motions priority, and would within five days deny them outright or set them down for hearing if they raise a substantial point, the moving party would not be faced with the dilemma of either abandoning his motion for reconsideration or running the risk that his time to appeal would expire while the district court kept his motion pending and thereafter denied it without a rehearing. The Legislature or this court by rule should perhaps provide that a failure to act on the motion within five days means that it is automatically denied. This would probably goad the district courts into action. In any event, it would eliminate the present predicament of moving parties who can obtain no ruling on their pending motions for reconsideration while their time to appeal is running."

▬▬ Under the specific terms of § 292, as amended, and our construction thereof in *Guilhon & Barthelemy* v. *District Court, supra,* it would seem obvious that since the Tax Court did not entertain the motion for reconsideration filed by the taxpayer, for it merely disposed of it with "motion denied" after more than thirty days had elapsed after the decision of the case on its merits, the petitioner filed its petition in this case after the term provided by § 5 of Act No. 169 of 1943, *supra,* had elapsed. Nevertheless, the taxpayer contends that since we are dealing with a certiorari petition to review a decision of the Tax Court, § 292 of the Code of Civil Procedure, *supra,* is not applicable; that like in the cases of classic certiorari, as a question of law, before filing a petition for a certiorari, a motion for reconsideration must first be filed and that this has been the practice followed by the Tax Court. We do not agree. If § 292, *supra,* were not

applicable to the Tax Court we would be confronted with the fact that Act No. 169 of 1943, *supra*, does not expressly authorize the reconsideration of the decisions of the Tax Court before seeking their review by way of certiorari in the Supreme Court. On the contrary, § 5 of said Act provides that the review by way of certiorari shall be made "within thirty days after notice of the decision is served" on the aggrieved party. We think it is more reasonable to construe the Act in the sense that § 292, *supra*, is applicable inasmuch as the third paragraph of § 4 of Act No. 169 of 1943, *supra*, as amended by Act No. 137 of May 9, 1945 (Sess. Laws, p. 464) provides that:

"All proceedings before the court, including the presentation and admission of evidence, shall be governed by the rules of the court, which shall be approved by the Governor of Puerto Rico, *and in default thereof, by the provisions of the Code of Civil Procedure or by such rules and procedure as the Supreme Court of Puerto Rico may promulgate,* and by the provisions of the law governing the presentation and admission of evidence *in cases of a civil nature* before the courts; all these provisions shall be liberally construed and applied, with the fundamental purpose of doing substantial justice to the parties in controversy."

If pursuant to this Section the parties, in order to defend their cases in the Tax Court, may avail themselves of all the remedies authorized by the Code of Civil Procedure or the Rules of Civil Procedure, we have no doubt that the motion for reconsidertaion is one of those remedies and that the terms fixed by § 292 *supra*, are applicable to motions for reconsideration filed in said court. Otherwise, the anomaly would arise that the period of thirty days fixed by § 5 of Act No. 169 of 1943, *supra*, within which to file the petition for certiorari in this Court, could be extended without limit during all the time that the Tax Court should have pending a motion for reconsideration, even when, as happened in the instant case, it should not entertain it and dispose of it with a "motion denied". This cannot be an adequate construc-

tion inasmuch as said term of thirty days is jurisdictional and cannot be extended either by the Tax Court or by the parties.

We cannot accept the argument of the taxpayer to the effect that the certiorari provided by § 5 of Act No. 169 of 1943, *supra*, is the same as the classic certiorari of § 670 of the Code of Civil Procedure and that consequently it had to be filed within a reasonable term after the motion for reconsideration was denied. Indeed, the review by certiorari provided by § 5 is equivalent to a discretional appeal granted by this Court, provided it is filed within the period of thirty days from the final decision of the lower court. See *Mayagüez Sugar Co.* v. *Court of Tax Appeals*, 60 P.R.R. 737. Nor is it true that as a question of law, a motion for reconsideration must always be filed prior to a petition for certiorari. The aim is to give the lower court an opportunity to pass on the question in issue but in any event the issuance of the writ is a discretional matter with the court.

We are of the opinion that § 292 of the Code of Civil Procedure, *supra*, is applicable to the Tax Court and that the terms fixed thereby are binding on said court as well as on the parties upon complying with the requirements which we set forth in construing said section in *Guilhon & Barthelemy* v. *District Court, supra.*[1]

Since the petition for certiorari was filed in this case after the expiration of the thirty-day period granted to the taxpayer, we lack jurisdiction to take cognizance thereof and consequently it is hereby denied.

Mr. Chief Justice Travieso and Mr. Justice De Jesús did not participate herein.

---

[1] As to the inapplicability of § 292, as amended in 1937, to motions for reconsideration in this Court in connection with the subsequent appeal to the Circuit Court of Appeals, see *Fernández* v. *Carrasquillo*, 146 F.2d 204 and *Vidal* v. *Monagas*, 66 P.R.R. 872.