## UNITED STATES v. LINE MATERIAL CO.
### No. 11715.

United States Court of Appeals
Sixth Circuit.

March 24, 1953.

George W. Wise, Washington, D. C. (George W. Wise, Trial Atty., Washington, D. C., Newell A. Clapp, Acting Asst. Atty. Gen., and Donald P. McHugh, Washington, D. C., and Robert B. Hummel, Cleveland, Ohio, on the brief), for appellant.

Richard F. Stevens, Cleveland, Ohio, and Clark J. A. Hazelwood, Milwaukee, Wis. (C. J. A. Hazelwood, Milwaukee, Wis., and Howard F. Burns, Richard F. Stevens and John H. Kellogg, Jr., Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

SIMONS, Circuit Judge.

The single issue presented by this appeal is whether a Delaware corporation indicted by the government for violations of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, but dissolved in good faith by merger under applicable Delaware law, is entitled to have the criminal proceedings against it abated. The district judge decided the question in the affirmative and the United States appeals.

The appellee and others were indicted on November 12, 1948 and on July 1, 1949 entered into an agreement of merger with McGraw Electric Company, likewise a Delaware corporation. Under the terms of the merger, McGraw was to be the surviving corporation and the existence of the appellee was to cease except insofar as it might be continued by State statute. It is conceded that the merger was entered into in good faith without purpose to evade prosecution under the indictment. On May 19, 1952, appellee moved to dismiss on the

ground that the merger had terminated its corporate existence. The district court sustained its motion in the view that the Delaware statute did not permit survival of criminal prosecution against a dissolved corporation. The appellant contends that the Delaware statute which continues the existence of corporations for a period, for the purpose of prosecuting and defending suits by or against them, is so broad in its terms that criminal actions or proceedings are within its scope and that the Federal law is exclusive and supreme in respect to violations of Federal statutes, so that the jurisdiction of Federal courts over the enforcement of the Federal antitrust laws cannot be defeated by State statutory provisions governing the existence and powers of corporations created pursuant to the authority of the State.

■■■ The general rule in respect to the survival of corporations, after attempted dissolution is well settled by three leading cases, Oklahoma Natural Gas Company v. State of Oklahoma, 273 U.S. 257, 259, 47 S. Ct. 391, 71 L.Ed. 634; Chicago Title & Trust Company v. Forty One Thirty Six Wilcox Building Corporation, 302 U.S. 120, 125, 58 S.Ct. 125, 82 L.Ed. 147, and Defense Supplies Corporation v. Lawrence Company, 336 U.S. 631, 634, 69 S.Ct. 762, 93 L. Ed. 931. In the Oklahoma case, Mr. Chief Justice Taft, speaking for the court, said [273 U.S. 257, 47 S.Ct. 392]: "It is well settled that at common law and in the federal jurisdiction a corporation which has been dissolved is as if it did not exist, and the result of the dissolution cannot be distinguished from the death of a natural person in its effect. (Citing cases.) It follows, therefore, that as the death of a natural person abates all pending litigation to which such a person is a party, dissolution of a corporation at common law abates all litigation in which the corporation is appearing either as plaintiff or defendant. To allow actions to continue would be to continue the existence of the corporation *pro hac vice*. But corporations exist for specific purposes, and only by legislative act, so that if the life of the corporation is to continue even only for litigating purposes it is necessary that there should be some

statutory authority for the prolongation. The matter is really not procedural or controlled by the rules of the court in which the litigation pends. It concerns the fundamental law of the corporation enacted by the state which brought the corporation into being." The Wilcox Building Corporation case, supra, and the Lawrence Company case, supra, approve and apply this doctrine.

■■■ We look, therefore, to the Delaware statute to determine to what extent and for what purpose the life of a dissolved corporation is prolonged. The corporation law of Delaware is found in Chapter 65, Revised Code of Delaware 1935, 8 Del.C. § 101 et seq., and its appropriate Sections are 42 and 62. Section 42 provides: "All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock but not for the purpose of continuing the business for which said corporation shall have been established". Up to this point, Section 42 speaks in the language of civil litigation for a criminal prosecution is not generally, if at all, referred to as a "suit." In its other expressed purposes for prolonging a corporation's life, the section likewise speaks of matters purely civil in nature and requisite to winding up the affairs of a corporation.

But the proviso which follows contains somewhat broader language and reads: "provided, however, that with respect to any action, suit or proceeding begun or commenced by or against the corporation prior to such expiration or dissolution and with respect to any action, suit or proceeding begun or commenced by [or against] the corporation within three years after the date of such expiration or dissolution, such corporation shall only for the purpose of such actions, suits or proceedings so begun or commenced be continued bodies corporate beyond said three-year period and until any judgment, orders, or decrees therein shall be fully executed." So, it is argued

932

that the terms "actions" and "proceedings" are broader in meaning than the term "suits" and comprehend criminal proceedings as well as civil, and that the word "judgments" includes criminal judgments. The proviso, it is urged, places no limitation upon the meaning of the term "action" or "proceeding" and, so, applies to any action or proceeding.

The argument, we think, is tenuous. The dominating term of the section is the word "suits" which stands alone in the enabling language of the section and the terms of the proviso are but to insure that in respect to litigation begun during the three year period but not concluded may be continued subsequent thereto. It is not unusual to speak of a species in generic terms without intending to include all species.

 Section 62 is a saving clause for pending actions in the case of dissolution by consolidation or merger and reads: "Any action or proceeding pending by or against any of the corporations consolidated or merged may be prosecuted to judgment, as if such consolidation or merger had not taken place or the corporation resulting from or surviving such consolidation or merger may be substituted in its place." This section speaks even more clearly in terms of civil proceedings, for the substitution of defendants is not a characteristic of a criminal prosecution.

The provisions of Sections 42 and 62 of the Delaware law have remained unchanged except for the elimination in 1951 of the words "to judgment" contained in Sec. 62, 48 Laws of Delaware 1951, Chap. 353, § 5. The purpose of this revision is said to be to make certain that proceedings before administrative agencies and equity proceedings which might not technically be construed as resulting in judgments would be included within the scope of Section 62. And, so, here again, the Delaware law speaks in terms of civil and not criminal proceedings.

In United States v. Safeway Stores, 10 Cir., 140 F.2d 834 the same issue was raised. Section 62 was not before the court since the corporation there was dissolved though not by consolidation or merger. The court

held that neither the word "suit" in the Delaware statute nor the word "action" embraced a criminal prosecution. In United States v. Borden, 28 F.Supp. 177, the District Court for the Northern District of Illinois reached the same conclusion with reference to the Delaware law. We are in accord.

We have considered, with care, the argument of the appellant, based upon public policy and the supremacy of Federal jurisdiction under the antitrust laws. The cases relied upon do not involve criminal prosecutions against dissolved corporations created by state law. Viewing the Delaware statute as we do, we cannot escape from the doctrine applied in the Oklahoma, Wilcox and Lawrence cases, supra, that "if the life of the corporation is to continue even only for litigating purposes it is necessary that there should be some statutory authority for the prolongation."

Affirmed.