UNITED STATES

v.

**P. F. COLLIER & SON CORP.**

No. 10883.

United States Court of Appeals
Seventh Circuit.

Dec. 16, 1953.

Jack C. Brown, U. S. Atty., Indianapolis, Ind., Stuart Rothman, Sol., Bessie Margolin, Chief of Appellate Litigation, Washington, D. C., E. Andrew Steffen, Asst. U. S. Atty., Indianapolis, Ind., Herman Grant, Regional Atty., Chicago, Ill., William A. Lowe and Joseph D, Mladinov, Washington, D. C., for appellant.

Hubert Hickam, Alan W. Boyd, Indianapolis, Ind., Barnes, Hickam, Pantzer & Boyd, Indianapolis, Ind., of counsel, for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

MAJOR, Chief Judge.

On September 10, 1952, plaintiff filed in the district court a criminal information charging the corporate and individual defendants with numerous violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201. Defendant Rominger moved to quash service on the corporate defendant and to dismiss the information as to it upon the ground that the corporation had previously been dissolved. An affidavit accompanied the motion to dismiss and disclosed that the corporate defendant, a corporation organized under the laws of the State of Delaware, had been dissolved on January 2, 1952, by appropriate proceedings pursuant to the laws of that state. Other statements contained in the affidavit relative to the corporate dissolution we think are immaterial to a decision of the question before us and need not be related. The undisputed fact is that the corporate defendant was dissolved some eight months prior to the filing of the criminal information.

The district court, by its order of March 13, 1953, allowed the motion to dismiss as to the corporate defendant upon the ground above stated. From this order the government appeals. The sole contested issue here, as it was in the district court, is whether a Delaware corporation duly dissolved under the laws of that state can thereafter be subjected to criminal prosecution.

We start with the firmly established premise that a dissolved corporation may thereafter be proceeded against either criminally or civilly only if authorized by the laws of the state of its incorporation. Oklahoma Natural Gas Co. v. Oklahoma, 273 U.S. 257, 259, 47 S.Ct. 391, 71 L.Ed. 634; Chicago Title and Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp., 302 U.S. 120, 125, 58 S.Ct. 125, 82 L.Ed. 147; Defense Supplies Corp. v. Lawrence Warehouse Co., 336 U.S. 631, 634–635, 69 S.Ct. 762, 93 L.Ed. 931. As was stated in the Wilcox Bldg. Corp. case, 302 U.S. at page 124, 58 S.Ct. at page 127:

"The decisions of this court are all to the effect that a private corporation in this country can exist only under the express law of the state or sovereignty by which it was created. Its dissolution puts an end to its existence, the result of which may be likened to the death of a natural person. There must be some statutory authority for the prolongation of its life, even for litigation purposes." (Citing cases.)

Thus, the contested issue must turn upon the Delaware statute relative to a dissolved corporation. While numerous provisions are called to our attention, we think the pertinent, in fact the controlling, provision is Sec. 42 Revised Code of Delaware, 1935, ch. 65, as amended in 1941, ch. 132, Sec. 11, 8 Del.C. § 278, and it appears desirable to set forth this section in its entirety. The section is entitled "Continuation of Corporation after Dissolution for Purposes of Suit, etc.", and provides as follows:

"All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of

three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock but not for the purpose of continuing the business for which said corporation shall have been established; provided, however, that with respect to any action, suit, or proceeding begun or commenced by or against the corporation prior to such expiration or dissolution and with respect to any action, suit or proceeding begun or commenced by or against the corporation within three years after the date of such expiration or dissolution, such corporation shall only for the purpose of such actions, suits or proceedings so begun or commenced be continued bodies corporate beyond said three-year period and until any judgments, orders, or decrees therein shall be fully executed."

Does the word "suits" as contained in the initial portion of this section, or the words "any action, suit, or proceeding" as contained in the proviso, encompass a criminal prosecution such as was commenced in the instant case? The issue thus stated is simple; its solution is difficult.

No Delaware case has been cited, and our research reveals none where the question before us has been decided. The question, however, has been considered and decided adversely to the government by both the Tenth and Sixth Courts of Appeals. United States v. Safeway Stores, Inc., 10 Cir., 140 F.2d 834, and United States v. Line Material Co., 6 Cir., 202 F.2d 929.

If the question were one of first impression, we would have no difficulty in reaching the conclusion that the words "any action, suit, or proceeding" are sufficiently broad in their ordinary and commonly accepted meaning to encompass every form and kind of litigation, including a criminal prosecution. It is only the contrary decision by two able and distinguished courts which causes us to pause and hesitate. In the Safeway case, the court considered only the word "suit" as used in the Delaware statute, although it did consider the word "action" as used in a California statute, also before the court in that case. Nothing was said as to the word "proceeding," as contained in the Delaware provision. In reasoning that the words "suit" and "action" did not include a criminal prosecution, the court cited and quoted authorities from numerous jurisdictions. No good purpose could be served in an attempt further to analyze or discuss such cases. It may be said from the cases thus cited that "suits" and "actions" have generally been held to refer to cases legal or equitable in nature, although in some instances they have been held to refer to criminal prosecutions.

In the Line Material case [202 F.2d 231], the court relied largely upon the decision in the Safeway case, although the court did point out that the proviso contained "somewhat broader language" but reasoned that such broadened language did not change the result.

Defendants devote considerable effort in an attempt to show from a history of the Delaware provision that it was not intended to include a criminal prosecution. The argument on this score, however, is far from convincing. From the beginning, with the exception of the proviso, the statute has been substantially as it is at present, that is, it provided for the continuation of a dissolved corporation for the purpose of "prosecuting and defending suits by or against them". The proviso was added in 1925, and designated "any action, suit, or proceeding" begun or commenced by or against the corporation prior to such expiration or dissolution and also "any action, suit, or proceeding" begun or commenced by the corporation within three years after the date of such expiration or dissolution. The proviso was amended in 1941 by adding the words

"or against" with respect to suits, actions and proceedings commenced within three years after expiration or dissolution. We do not agree with the contention that the proviso added nothing to the substantive law as contained in the original enactment. This is so whether the proviso be treated merely as explanatory or as an additional enactment. If viewed in the former light, the word "suit," which the legislature had previously employed and which sometimes but not generally included a criminal prosecution, was defined to include "any action" and "any proceeding." If viewed in the latter light, as we think more appropriate, the proviso was intended to and did become the substantive law. As was said in McDonald v. United States, 279 U.S. 12, 21, 49 S.Ct. 218, 219, 73 L.Ed. 582:

> "But a proviso is not always limited in its effect to the part of the enactment with which it is immediately associated; it may apply generally to all cases within the meaning of the language used."

We agree that the word "suit" or the word "action" standing alone might reasonably be held as not including a criminal prosecution, but when the word "proceeding" is added we think a combination is presented which is well near inclusive of all forms of litigation.

In the Safeway case, the court, 140 F. 2d at page 838, quotes from a Michigan case, Patterson v. Standard Acc. Ins. Co , 178 Mich. 288, 144 N.W. 491, 51 L.R.A., N.S., 583, as follows:

> " * * * the expression 'criminal suit' is unnatural and awkward to the professional ear and is seldom used, even in common parlance."

It would be a bold person, however, who would ascribe such a limited meaning to a "criminal proceeding," which is a commonplace characterization.

Any doubt on this score is readily dispelled by reference to the Federal Rules of Criminal Procedure, 18 U.S.C.A. Rule 2 provides, "These rules are intended to provide for the just determina-

tion of every criminal proceeding." In scores of instances, a criminal prosecution is referred to as a "proceeding." Paragraphs (a), (b) and (c) of Rule 21 are typical. Paragraphs (a) and (b) provide for the transfer of the "proceeding" under the circumstances stated. Paragraph (c) provides that when a transfer is ordered, the papers in the case shall be transmitted to the clerk of the court to which the "proceeding" is transferred. In contrast to the Federal Rules of Criminal Procedure which uniformly designate a criminal prosecution as a "proceeding," the Federal Rules of Civil Procedure, 28 U.S.C.A. designate a case at law or in equity as a "civil action", Rule 2. And it is worthy of note, consistent with the view heretofore expressed, that the word "proceeding" is recognized as of broad application. See particularly Rule 81.

The Court of Appeals for the Fourth Circuit, in Bahen & Wright, Inc. v. Commissioner, 176 F.2d 538, at page 539, considered and construed Sec. 42 of the Delaware statute and with reference thereto stated:

> "The Delaware statute explicitly provides for continued corporate existence for as long as may be necessary to reach a final determination of any 'proceeding' as well as any 'action or suit' begun by or against a corporation within three years of its dissolution. The word 'proceeding' is obviously broader than action or suit and should be given full effect in order to achieve the fundamental purpose of the statute."

While, as we have noted, the Supreme Court of Delaware, so far as we are aware, has not decided the point here in controversy, there is a decision by that court, Addy v. Short, 89 A.2d 136, wherein the court made some pertinent observations. Referring to Sec. 42, the court stated in 89 A.2d at page 139:

> "During the three-year period of winding up, the corporation functions exactly as it had functioned before dissolution, with the im-

portant qualification that its powers are limited to closing its affairs and do not extend to carrying on the business for which it was established. But as concerns the property it had at the time of dissolution, its title and possession are unimpaired. Whatever rights it had, of whatever nature, are preserved in full vigor during the three-year period. Any other conclusion would contravene the plain language of the statute."

If, as the court stated, every right possessed by a corporation at the time of dissolution is preserved in full vigor during the three-year period, we see no reason why by the same token its liabilities, both civil and criminal, are not also preserved. Following the statement lastly quoted, the court further stated:

"The suggestion that the act of dissolution in itself in some fashion works a forfeiture or extinguishment of a legal right, by analogy to the death of an individual, is therefore on the face of the statute unsound."

Again, if dissolution by reason of the statute works no extinguishment of a legal right, we discern no reason why it works an extinguishment of a legal liability, whether civil or criminal.

■ We have read and reread defendants' argument, as well as the many cases cited in support of the order appealed from, but we are unable to escape what we think is the plain, unambiguous terminology contained in the Delaware statute. The words "any action, suit, or proceeding" in their ordinary and generally accepted meaning and use embrace, so we think, all forms of litigation, civil, criminal, bankruptcy and admiralty. The words carry such a plain meaning that they are hardly open to construction, and their employment leaves no room to speculate on the legislative intent. If, however, the legislature had intended to embrace only civil litigation, it could easily have done so by the addition of a single word, "civil,"

and could have provided for "any civil action, suit or proceeding." Or if it had intended to exclude a criminal prosecution from the broad and inclusive language which it employed, it could readily have done so by providing, "any action, suit or proceeding other than a criminal prosecution." And while it may be an immaterial observation, no sound reason occurs why a legislature would intend to relieve a dissolved corporation of its criminal liability and at the same time preserve its civil liability. A corporation cannot be sent to jail; the discharge of its liability whether criminal or civil can only be effected by the payment of money.

The order appealed from is reversed, with directions that it be vacated and that such further proceedings be had in the case as may be appropriate.

FINNEGAN, Circuit Judge (concurring).

While I concur in the result reached by my brothers there appears to be an additional ground worthy of mention, in support of the opinion announced today.

Delaware's statutory mandate is a conduit through which corporate life blood is transfused even after a certificate of dissolution issues. I view this enactment as demonstrative of a legislative intent to avoid truncation of corporate existence by prolonging it for enumerated purposes after dissolution has been signaled. The statutory proviso implements this stay of execution.

We are not here confronted with an extinct corporation, rather one which is enjoying continued, though restricted existence. This corporation was not put to death. Facing up to the broader issue imbedded in this appeal requires recognition of the grave possibility that a statute, such as this one, enacted at the state level could frustrate the administration and enforcement of criminal law in the federal area. Of course we accord the most serious deference to legislative intention evidenced by the statutory phraseology. But I think the

question travels beyond a bare question of statutory interpretation. This problem could be restructured and treated as a question involving state power to immunize a corporation against federal criminal prosecutions during a prolonged and restricted existence. Northern Securities Co. v. United States, 193 U.S. 197, 24 S.Ct. 436, 48 L.Ed. 679.

Certain notions concerning the incapacity of corporations to commit various crimes have long since been dispelled.[1] Responsibility of corporations has evolved from the total incapacity theory espoused by Chief Justice Holt to finding a corporate employer guilty of manslaughter.[2]

Accordingly if some quantum of corporate existence is acknowledged under the Delaware provision, then there emerges the broader question as to whether that State could insulate its corporate creation against such criminal responsibility by omitting from this statutory reprieve unequivocal phraseology pertaining to prosecutions for criminal violations.

It must be remembered that the instant case involved violations allegedly committed during the normal life of the corporate defendant; prosecution for which was commenced subsequent to dissolution, but within the statutory period of extended life. Certainly no question of existence arose at time of the alleged violations.

I find it difficult to perceive how this corporate defendant can exist during the statutory period to wind up its affairs and enjoy immunity from criminal prosecution for alleged violations occurring during its normal life.

---

1. E. g., United States v. George F. Fish, Inc., 2 Cir., 1946, 154 F.2d 798; People v. Canadian Fur Trappers Corporation, 1928, 248 N.Y. 159, 161 N.E. 455, 59 A. L.R. 372; Telegram Newspaper Co. v. Commonwealth, 1899, 172 Mass. 294, 52 N.E. 445, 44 L.R.A.,N.S., 159.

  See generally: Marcus, Liability of Dissolved Corporations, 58 Harv.L.Rev. 675 (1945); Lee, Corporate Criminal Liability, 28 Col.L.Rev. 1, 181 (1928); Edgerton, Corporate Criminal Responsibil-

ity, 36 Yale L.J. 827 (1927); Francis, Criminal Responsibility of the Corporation, 18 Ill.L.Rev. 305 (1924); Laski, The Personality of Associations, 29 Harv. L.Rev. 404 (1916); Welsh, The Criminal Liability of Corporations, 62 L.Q. Rev. 345.

2. State v. Lehigh Valley R. Co., 1917, 90 N.J.L. 372, 103 A. 685; contra People v. Rochester Railway & Light Co., 1909, 195 N.Y. 102, 88 N.E. 22, 21 L.R.A.,N. S., 998.